[Sac. No. 97.   Department Two.—March 25, 1896.]

## M. BILBY, RESPONDENT, *v.* W. H. McKENZIE ET AL., APPELLANTS.

MUNICIPAL CORPORATIONS—SEWER FUND—MONEYS REMAINING IN SUBSEQUENT YEAR—RIGHTS OF CLAIMANT.—The moneys in the sewer fund of a city for any fiscal year can be used for no other purpose than the payment of the legitimate claims of that year until they are all met and extinguished; and it is only an excess that can be carried into the sewer fund of a subsequent year, or transferred to the general fund to meet deficiencies therein; nor does the fact that the moneys of a previous fiscal year remain in the treasury in a subsequent year make them part of the fund of that subsequent year, but they still remain a part of the fund of the previous year, and a rightful claimant of that fund cannot be robbed of his due by a technical transfer of its moneys into the fund of the later year before adjustment and settlement of all demands of the previous year.

ID.—DISPUTED CLAIM—MANDAMUS—DEFENSE OF TREASURER—DEMURRER. Where there is a disputed claim against the sewer fund of a previous year which remains in the treasury, it is sufficient for the treasurer and the municipal authorities to show, by way of defense to a *mandamus* to compel the payment of the same upon a demand arising against the sewer fund of the subsequent year, that the disputed claim had previously been recognized as valid, and was being pressed in the courts in good faith; and a demurrer to such defense is improperly sustained.

ID.—INTERVENTION BY CLAIMANT—ADVERSE DECISION—APPEAL.—An intervention by the claimant of the disputed claim in such *mandamus* suit against the treasurer is not permissible, nor can issues determined

against such claimant, in an action brought by him against the city and its treasurer to compel payment of his claim, be retried upon such intervention, but his rights must be determined upon appeal from the decision rendered against him; and a demurrer to his complaint in intervention is properly sustained.

APPEAL from a judgment of the Superior Court of Fresno County. STANTON L. CARTER, Judge.

The facts are stated in the opinion of the court.

*E. D. Edwards,* and *W. C. Graves,* for Appellants.

As each year's revenue must pay each year's debt, that portion of McBean's debt incurred in the fiscal years 1893 and 1894 must be paid out of the revenues of those years, and can never be paid if those revenues are taken to pay claims of succeeding future years. (Const., art. XI, sec. 18; Dillon on Municipal Corporations, 4th ed., sec. 1313; *Crowder* v. *Sullivan,* 128 Ind. 486; *East St. Louis* v. *St. Louis Gas Co.,* 98 Ill. 430; 38 Am. Rep. 97; *Weston* v. *Syracuse,* 17 N. Y. 113; *Garrison* v. *Howe,* 17 N. Y. 465; *Grant* v. *Davenport,* 36 Iowa, 396; *Indianapolis* v. *Indianapolis Gas Light etc. Co.,* 66 Ind. 396; *Valparaiso* v. *Gardner,* 97 Ind. 1; 49 Am. Rep. 416; *San Francisco Gas Light Co.* v. *Dunn,* 62 Cal. 585; *Woods* v. *Oklahoma,* 2 Oklahoma, 158; *Shaw* v. *Statler,* 74 Cal. 258.)

*L. W. Moultrie,* for Respondent.

The city treasurer of Fresno has no discretion as to paying out money in the treasury when the warrant is properly signed. (Stats., 1883, p. 259; *Von Schmidt* v. *Widber,* 105 Cal. 152, 156.) The allowance of a claim by the board of trustees is a judicial act, and concludes ministerial officers. (*McConoughey* v. *Jackson,* 101 Cal. 265; *McFarland* v. *McCowen,* 98 Cal. 329.) The intervenor improperly asks to have his demand paid in this action. Its payment cannot be compelled in a *mandamus* proceeding without prior action of the board allowing it. (*People* v. *Fogg,* 11 Cal. 358; *Dubordieu* v. *Butler,* 49 Cal. 512.)

HENSHAW, J.—Plaintiff commenced proceedings in *mandamus* against defendant McKenzie, treasurer of the city of Fresno, to compel the payment of certain warrants issued for work performed upon the sewers of the city in the month of May, 1895. The claims represented by the warrants had been duly allowed and ordered paid by the board of trustees, and warrants therefor had been properly drawn upon the treasurer.

It was alleged that there was in the sewer fund of the city, and not otherwise appropriated, a sum largely in excess of the amount of the warrants.

Defendant McKenzie, in his return and answer, showed that the city of Fresno had entered into a contract with Alexander McBean, whereby McBean agreed to take care and dispose of the sewage of the city for a period of five years for the sum of four thousand nine hundred dollars per annum, payable quarterly. This contract had been performed by McBean, and the city had from year to year assessed and levied a tax for the sewer fund sufficient to pay McBean's demands, and for the purpose of paying the same, and had in fact devoted the money to these payments until the year 1893. In that year, though McBean had fulfilled the terms of his contract, and though there was in the sewer fund sufficient unappropriated moneys wherewith to pay his claims, the city refused payment, asserting that the contract was void, and that it was no longer bound by it. McBean then instituted suit against the city, which action was pending and undetermined. Defendant further alleged that the moneys which were in the sewer fund, and which were claimed to be available for the payment of plaintiff's claims, were moneys thus collected and set over to the sewer fund for the payment of the claims of McBean for the year 1893, and were sufficient only for that purpose; that by reason of the pending litigation between McBean and the city, to which he had been made a party defendant, he could not, and should not be compelled to, pay plaintiff's claims out of the revenues of the year 1893 until the claim of McBean

upon the revenues of that year had been finally adjudicated.

McBean was allowed to intervene and set up the same facts asking payment to himself of the moneys in the sewer fund. Plaintiff interposed general demurrers to the answer and complaint in intervention. They were sustained, and defendant and intervenor appealed. The demurrer to defendant's answer was improperly sustained.

The moneys in the sewer fund for the fiscal year 1893 could be used for no other purpose than the payment of the legitimate claims of that year, until they had one and all been met and extinguished. Thereafter, any excess over could be carried into the sewer fund of the following year, or transferred from the sewer fund to the general fund, and from the latter expended or appropriated to meet deficiencies in other funds. But, until all just demands upon the sewer fund for the year 1893 had been met and paid, the integrity of the fund could not be impaired. The fact that the moneys remained in the treasury in 1895 did not make them a part of the fund of 1895. They were still a part of the fund of 1893. As the revenues of a given year, and those only, may be devoted to the payment of claims arising in that year, it would be the height of injustice to suffer a rightful claimant to be robbed of his due by a technical transfer of the moneys of a fund of the year in which the demand accrued, into the fund of a later year, before adjustment and settlement of all demands.

Whether McBean's claim was valid or not, it was sufficient for the treasurer and the municipal authorities to know and to show, as they did, that it had previously been recognized as valid, and was being pressed in the courts in good faith. Under these circumstances, the moneys in the sewer fund for the fiscal year 1893, to the amount of McBean's claim, were not available to pay claims arising in 1895, and the treasurer's showing was a sufficient defense to the action.

The demurrer to McBean's complaint in intervention

was properly sustained.   It amounted to nothing more than an attempt to retry issues determined adversely to him in his action against the city and the treasurer to compel payment under his contract.   That action is now pending before this court upon appeal, and presents propositions entirely independent of those brought up in this appeal.   They are reserved for a separate consideration.

The judgment against defendant McKenzie is reversed, with directions to the trial court to overrule the demurrer to his answer.   The judgment against the intervenor, McBean, is affirmed.

McFARLAND, J., and GAROUTTE, J., concurred.