[Sac. No. 232. In Bank.—December 11, 1897.]

W. W. MONTAGUE & CO., Appellant, v. JOSEPH R. ENGLISH, Treasurer of City of Vallejo.

MUNICIPAL CORPORATIONS—LIABILITY LIMITED TO REVENUE OF YEAR'S INDEBTEDNESS—CONSTITUTIONAL LAW.—Under section 18 of article XI of the constitution, each year's income and revenue of a municipal corporation must pay each year's indebtedness and liability, and no indebtedness or liability incurred in any one year can be paid out of the income or revenue of any future year.

ID.—CONTRACT FOR SALE OF WATERPIPE—DELIVERY—EXHAUSTION OF YEAR'S REVENUE—VALIDITY OF CONTRACT—REMEDY ONLY AFFECTED.—A contract for the sale of waterpipe to be imbedded in the streets of a city for its use and benefit, in connection with waterworks established under vote of its electors, which was entered into and carried out by the delivery and laying of pipe thereunder, during one fiscal year, and at a time when there was money in a water fund derived from the sale of bonds for the improvement, sufficient to meet the obligation, was valid, and its validity could not be affected by any subsequent failure of revenues from that fund, or from the general fund of that fiscal year; but the seller was bound to look only to the revenues of the city for that fiscal year for payment, and the exhaustion of such revenues affected only his remedy and left him in the same condition as any creditor who has dealt with one whose assets are exhausted before he presents his claim.

ID.—TITLE OF WATER PIPE—INVALID PURCHASE IN SUBSEQUENT YEAR—VOID WARRANT—MANDAMUS.—The title to the waterpipe laid in the streets of the city, under such contract, during one fiscal year, vested in the city, and a subsequent attempt of the city to purchase a part thereof during
    CXIX. CAL.—15

the next fiscal year, was invalid and void, and a warrant issued under
such purchase drawn upon the funds of a subsequent year was without
consideration and void, and its payment could not be compelled by
*mandamus* to the city treasurer.

APPEAL from a judgment of the Superior Court of So-
lano County.  A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

F. W. Hall, for Appellant.

Coghlan & Harvey, for Respondent.

GAROUTTE, J.—Montague & Co. petitioned the superior
court for a writ of mandate to compel the city treasurer of the
city of Vallejo to pay a certain warrant drawn for the sum of
ninety dollars and eighty-five cents by the trustees of said city.
A demurrer was sustained to the petition, and the soundness of
that ruling of the trial court is the matter presented here for
consideration.

The material facts disclosed by the petition may be thus sum-
marized: In January, 1895, the aforesaid city, by its trustees, re-
solved to purchase and did purchase from Montague & Co. one
hundred feet of waterpipe for the sum of ninety dollars and
eighty-five cents, and the warrant of said city for that amount
was issued in pursuance of such purchase, and is the warrant
here under consideration.  At the time this pipe was so pur-
chased it was laid underground in one of the streets of said city,
and formed a part of the system of waterworks then owned and
used by said city.  The history of this particular piece of pipe
is a material element entering into a consideration of the ques-
tion at issue, and that history is as follows:. The city of Vallejo,
by a vote of its electors, decided to create a permanent improve-
ment in the form of a waterworks system for the use and benefit
of the city.  To this end bonds were issued and sold to the
amount of two hundred and fifty thousand dollars.  Montague
& Co., the petitioner here, entered into a contract with the city
to furnish certain waterpipe, properly embedded in the streets,
at a fixed price per lineal foot, and, in accordance with the terms
of such contract, said Montague & Co. did furnish such pipe to
the value of thirty thousand dollars.  The city paid about twenty-

four thousand dollars of this indebtedness upon the contract, at which time the two hundred and fifty thousand dollars placed in the water fund became exhausted. Neither was the general fund of the city in condition to answer any demands made upon it. This contract was made and the pipe furnished and laid during the fiscal year 1893-94. The aforementioned one hundred feet of pipe was furnished and laid under this contract, but not paid for by the city for the reasons stated.

It is attempted by this proceeding to pay for the one hundred feet of pipe out of the income of the city levied and collected in the fiscal year 1894-95. This can be done if the pipe was purchased during that fiscal year, and not otherwise. If the title to this pipe was in Montague & Co., January, 1895, when the board of trustees of the city attempted to make the purchase, then there can be but one result to this litigation. But, on the contrary, if Montague & Co. had no title at that time, there was no sale and no contract, and the treasurer was entirely justified in refusing payment of the warrant here in dispute.

Where did the original contract between Montague & Co. and the city of Vallejo leave the title to this one hundred feet of pipe? The true construction of section 18, article XI, of the constitution of this state locates that title. That section reads: "No county, city, town, township, board of education, or school district shall incur indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for it for such year, without the assent of two-thirds of the qualified electors thereof voting at an election to be held for that purpose, nor unless before or at the time of incurring such indebtedness provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty years from the time of contracting the same. Any indebtedness or liability incurred contrary to this provision shall be void." Justice Ross, in *San Francisco Gas Co. v. Brickwedel,* 62 Cal. 642, declares the meaning of this provision of the constitution to be: "That no such indebtedness or liability should be incurred (except in the manner stated) exceeding in any year the income and revenue actually received by such county, city, town, township, board of education, or

school district. In other words, that each year's income and revenue must pay each year's indebtedness and liability, and that no indebtedness or liability incurred in any one year shall be paid out of the income or revenue of any future year." This construction has been approved in terms in *Smith v. Broderick*, 107 Cal. 648. By the facts of the case at bar it appears that at the time the contract was entered into by the city with petitioner to furnish this waterpipe there was money in the water fund to meet the obligation. It further appears that at the time the pipe was delivered to the city in the manner demanded by the terms of the contract there was money in the fund to pay the indebtedness, and it further appears that these events both occurred during the fiscal year 1893-94. Under these conditions, we find nothing in the contract violative of any provision of the aforesaid section of the constitution. The contract being valid in the first instance, we are unable to see how any event happening subsequent to that time can vitiate it; and by such contract the title to the pipe vested in the city. The mere fact that the fund upon which the party has relied for payment has become exhausted after he has furnished the material demanded by his contract and before presentation of his claim in no manner bears upon the validity of the contract or the legal liability of the city. Such unfortunate conditions facing the claimant only affect his remedy. The contract exists, and the liability of the city exists, but under the construction of this provision of the constitution which declares that each year's revenue of the municipality must pay each year's indebtedness, the claimant is bound to look for the satisfaction of his claim in that year's income, and only there. This principle of law under an exactly similar state of facts is declared in *Weaver v. San Francisco*, 111 Cal. 319, where it is said: "Even though at the time of making his contract there are funds in the treasury sufficient to meet the amount of his claim, he is charged with notice that these funds are liable to be paid out for municipal expenditures before his contract can mature into a claim against the city, and, if others whose claims have accrued subsequent to his are able to intercept these funds, he is in the same condition as any creditor who has dealt with one whose assets are exhausted before he presents his claim."

These views lead us to the conclusion that the contract for all the pipe furnished by petitioner to the city was a complete, perfect, and valid contract; that the title to such pipe passed to the city, and that the income of the city for the fiscal year 1893-94 may be drawn upon for its payment, if any such income there be. It follows that the city treasurer was justified in refusing to pay this warrant, upon the ground that it had been issued without consideration and was therefore void.

If the fact that an election was held authorizing this improvement to the city is material to this litigation, such fact must tend to strengthen the legality of the contract entered into between these parties, rather than weaken it.

The judgment appealed from is affirmed.

Harrison, J., McFarland, J., and Henshaw, J., concurred.