[Civ. No. 4937.   Third Appellate District.—January 21, 1935.]

H. S. CROCKER COMPANY, INC. (a Corporation), Appellant, v. THE COUNTY OF LAKE, Respondent.

Jesse H. Steinhart, John J. Goldberg and Herbert V. Keeling for Appellant.

Burt W. Busch, District Attorney, for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment disallowing the bulk of a claim for the balance due upon a valid contract for furniture sold and supplied for use in the courthouse of Lake County. When the contract for the furniture was awarded there was ample money in the "Capital Outlay Court House Fund" with which to pay the claim, but before the contract was fully performed, that fund was practically exhausted by the payment of claims which were subsequently incurred. On the assumption that plaintiff's claim was not a liability against the county, except to the extent of the money remaining in that fund, under the provisions of section 3714, subdivision 5, of the Political Code, the claim was disallowed to the extent of $1849.52. The balance of $7.94, which remained in the fund, was allowed. From that judgment the plaintiff appealed.

This case was tried on a written stipulation of facts concerning which there is no dispute. December 31, 1929, the plaintiff was awarded a contract to supply the County of Lake with furniture for its courthouse for the aggregate sum of $7,429.84. There was then ample money in the "Capital Outlay Court House Fund", from which this charge was to be paid, to meet all obligations which had then been incurred against that fund. The contract was fully performed and the furniture was supplied by the plaintiff, in accordance with the terms thereof. April 19, 1930, plaintiff was paid on that account the sum of $5,572.40. This left a balance of $1857.46 due to the plaintiff on the contract. June 11, 1930, a claim for the last-mentioned sum was presented to the board of supervisors of Lake County. Subsequent to the awarding of the furniture contract to plaintiff and before its claim for the balance of $1857.46 had been presented for payment, other obligations were incurred by the county for the payment of which the entire "Capital Outlay Court House Fund" was exhausted, except the sum of $7.94. Plaintiff's claim was not allowed. Suit was commenced against the county to re-

cover a judgment for the amount due on the contract. The court adopted findings in accordance with the facts above related, and thereupon rendered judgment in favor of the plaintiff for the sum of only $7.94. From this judgment the plaintiff has appealed.

It is conceded the obligation for the payment to plaintiff of the original sum of $7,429.84 for courthouse furniture was lawfully incurred by the County of Lake when there were ample funds in the treasury with which to meet the claim, and that the contract did not violate the inhibition of article XI, section 18, of the Constitution of California. The respondent, however, asserts that under the provisions of section 3714, subdivision 5, of the Political Code, the plaintiff's claim is not a valid liability against the county except to the extent of the balance which remained in the "Capital Outlay Court House Fund" at the time the plaintiff's claim was presented, notwithstanding the fact that other claims had been incurred and paid from that fund subsequent to the awarding of plaintiff's contract, and that plaintiff is therefore entitled to a judgment for only such sum as actually remained in that fund at the time the claim was presented. It is also contended that because the plaintiff was paid from that fund ten other claims aggregating the sum of $1664.22 which were incurred after the awarding of the furniture contract it may not complain of the lack of money with which to meet its original contract.

The plaintiff's claim in the sum of $1857.46 was legally incurred and is a valid obligation against the County of Lake for which sum it is entitled to judgment notwithstanding the fact that the funds from which it was payable were practically exhausted at the time the claim was presented for payment. (*Arthur* v. *City of Petaluma,* 175 Cal. 216, 223 [165 Pac. 698]; *Higgins* v. *San Diego Water Co.,* 118 Cal. 524 [45 Pac. 824, 50 Pac. 670]; *Weaver* v. *San Francisco,* 111 Cal. 319 [43 Pac. 972]; *Montague* v. *English,* 119 Cal 225 [51 Pac. 327]; *Briney* v. *Santa Ana High School District,* 131 Cal. App. 357 [21 Pac. (2d) 610].) In the Arthur case, *supra,* it is said in that regard:

"Having a valid claim, one valid when the indebtedness was incurred, the subsequent exhaustion of funds from which the same could be paid before the claimant was able

to obtain formal allowance and payment does not make his claim bad, but only affects his remedy to obtain payment, and he is entitled to have his claim established by a judgment for the amount due. . . . If at the time the liability to petitioner was incurred such liability was not in excess of the revenue and income for the fiscal year, he was entitled to his judgment, as held in numerous cases to which we have referred, notwithstanding that at the time of presentation of his claim, commencement of action, and judgment, the funds for the year had been exhausted, and the interposition of these matters as a defense would have been unavailing.''

The plaintiff was entitled to judgment for the unpaid balance of its claim in the sum of $1857.46, notwithstanding the fact that the corporation had been paid from that fund, after its furniture contract was awarded, other claims aggregating the sum of $1664.22. The subsequent payment of other claims in no way affects the validity of plaintiff's furniture contract which obligation was incurred when there was ample money in the fund with which to satisfy the claim. Not even the misappropriation of funds by a board of supervisors will affect the validity of a previous obligation lawfully incurred. The subsequent payment of illegal claims based on obligations incurred in contravention of article XI, section 18, of the Constitution may not become a defense to a suit to establish a liability for the fulfillment of a previous valid contract. (*Arthur* v. *City of Petaluma,* 175 Cal. 216 [165 Pac. 698].) The exhausting of a fund after a valid obligation has been incurred by the subsequent misappropriation of the money, regardless of the persons to whom it is paid, may not defeat the claimant's right to a judgment based on a previous valid claim even though the misappropriation may prevent the satisfaction of the judgment.

The respondent concedes that prior to the amendment of section 3714 of the Political Code in 1927 (Stats. 1927, p. 721), in accordance with the case of *Arthur* v. *City of Petaluma, supra,* and the other cases heretofore cited, a claimant was absolutely entitled to judgment for the unpaid amount of an obligation which was incurred at a time when there was sufficient money in the particular fund of the fiscal year in which the indebtedness was incurred with

which to pay the claim. It is, however, asserted that the amendment of that section of the code changed the law so as to relieve the debtor of all liability for any claim which is presented for payment after the fund has been exhausted, regardless of whether the claim was originally valid or invalid. Section 3714, subdivision 5, as amended, now reads in part:

"Expenditures made, liabilities incurred, or warrants issued in excess of any of the budget appropriations . . . shall not be a liability of the county. . . . The county board of supervisors shall approve no claim, and the county auditor shall issue no warrant for any expenditure in excess of said budget appropriations, . . . except upon an order of a court of competent jurisdiction, or for an emergency, as hereinafter provided."

This amendment of the Political Code may not be construed so as to defeat vested rights which have accrued by virtue of obligations incurred by the terms of previous valid contracts. Such a construction of this section of the code would render the preceding language thereof void under the provisions of article I, section 10, of the Constitution of the United States which precludes the impairing of the obligations of a contract by declaring that "No state shall . . . pass any . . . law impairing the obligation of contracts." The language heretofore quoted from section 3714 of the Political Code should be construed to mean that "liabilities incurred . . . in excess of . . . the budget appropriations" are invalid. This is exactly what article XI, section 18, of the Constitution of California declares by providing that "No county . . . shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year." The statute adds nothing in that regard to that constitutional provision. The statute further provides that expenditures shall not be made and warrants shall not be drawn "in excess of said budget appropriations, . . . except upon an order of a court of competent jurisdiction, or for an emergency". The very exception contemplates that a court may allow expenditures in excess of the budget appropriations under proper circumstances. The exception also authorizes the expenditures of money in excess of the budget appropriation in case of an emergency. (*Niceley* v.

*County of Madera*, 111 Cal. App. 731 [296 Pac. 306].) The code provision relied upon by the respondent, in so far as it enlarges upon constitutional inhibition above referred to, applies merely to the payment of money or the drawing of warrants, and not to the validity of claims which were previously legally incurred or to the establishing of legal liability for lawfully incurred obligations by the recovery of a judgment therefor. The language of section 3714 of the Political Code is no defense to a demand for judgment for an indebtedness lawfully incurred. The question as to whether the law furnishes some means of satisfying such a judgment after it has been recovered is not before us in this case. We are not called upon to determine that problem.

We are therefore of the opinion the plaintiff is entitled to judgment in this case for the balance of its valid claim under the contract for supplying the courthouse of Lake County with furniture.

The judgment is reversed and the trial court is directed to render judgment for the plaintiff in the sum of $1857.46, together with seven per cent interest thereon from June 11, 1930, at which time the claim was presented for payment.

Pullen, P. J., and Plummer, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1935.