[S. F. No. 15259. In Bank.—July 1, 1935.]

TITLE GUARANTEE AND TRUST COMPANY (a Corporation) et al., Petitioners, v. THE CITY OF LONG BEACH (a Municipal Corporation) et al., Respondents.

Richard J. O. Culver and Denio, Hart, Taubman & Simpson for Petitioners.

George W. Trammell, Jr., City Attorney, Harlan V. Boyer, Assistant City Attorney, and Henry D. Lawrence, Deputy City Attorney, for Respondents.

LANGDON, J.—This is a petition for a writ of mandate to compel the levy of a tax sufficient to pay a portion of a judgment against respondent city.

In 1928 bonds in the sum of $2,700,000 were voted by the electors of the city for certain harbor improvements. In 1929, a contract for certain of the work was let to C. J. Kubach Company, for the price of $838,034.09. The contractor notified the city of certain alleged defects in the plans and specifications, but was ordered to proceed with the work, and did so. Between May and July of 1930, a number of bulkheads constructed under the contract gave way. The contractor claimed that their failure was caused by defective plans and specifications, and ceased performance. In August, 1930, the city, after notice to the contractor, took over the work and completed it subsequently at a greater cost than the contract price.

On November 14, 1930, C. J. Kubach Company filed with the city a claim under its contract for $213,970.22. The city refused payment, and suit was filed April 28, 1931. Judgment was given in favor of the contractor for $117,822.59, together with costs, the total amounting to $118,433.09. No appeal was taken by the city and the judgment became final. It was assigned by the contractor to Title Guarantee and Trust Company for collection. Execution was had on certain real property in 1933, and a net return of $34,707.52 was credited on the judgment. The balance is still unpaid.

On or about July 1, 1934, demand was served on the city that a sum sufficient to pay at least one-tenth of the judgment be included in the tax levy for the year 1934–35. In the meantime the city council was recalled. On August 31, 1934, the said demand was repeated. Under the provisions of section 257 of the city charter, the council had until the first Tuesday in September to fix the tax rate, and under the statute providing for payment of judgments against counties and municipalities (Stats. 1901, p. 794; 2 Deering's Gen. Laws, 1931, Act 3918) at least ten per cent of the judgment should be included in the tax levy for the purpose of paying an aliquot part thereof. Without any notice or intimation to petitioners that their demand would be refused, the tax rate was fixed without making any provision for such payment.

Petitioners then sought a writ of mandate in this court to compel the amendment of the tax levy to include the said sum, and praying for general relief. A demurrer and an answer was filed by respondent city, but the essential facts, as above stated, are not in dispute.

■ The first objection raised by respondent city is that it is too late to amend the tax levy for the year 1934–35. This is true, but under the statute a cumulative levy should be made in the following year, that is, a levy of two-tenths the amount of the judgment. Respondents have flatly asserted that they do not intend to levy any tax for this purpose. It is accordingly proper, and not premature, to order the cumulative levy to be made for the year 1935–36, provided that the city has no other defense. (*LeClerg* v. *San Diego*, 218 Cal. 672 [24 Pac. (2d) 819].)

■ The chief contention of the city is, however, that the judgment cannot be paid out of taxes without violating article

XI, section 18, of the California Constitution, which provides in part: "No . . . city . . . shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose." It is argued that the indebtedness or obligation of the city to the Kubach Company was not incurred in the fiscal year 1934–35, and cannot therefore be paid from revenues of that year or of any subsequent year; that each year's income and revenue must pay each year's indebtedness and liability; and that where the revenue for the fiscal year or years in which the indebtedness was incurred has become exhausted, the creditor is unable thereafter to enforce his claim by a tax levy. In connection with this argument it appears that the entire amount of the bonds voted for the purpose of the harbor work was subsequently expended, without retaining any portion thereof to meet the Kubach Company judgment.

We are unable to agree with the reasoning of respondents herein, for in our view no indebtedness was incurred in excess of the revenue provided. In the fiscal year in which the obligation to compensate for harbor work was incurred, 1928–29, over a million dollars, proceeds of the bond issue, were available for payment; and at the end of the following fiscal year ample funds still remained. Eventually this money was expended by the city, that is, for obligations incurred in subsequent years. In such a situation there is no justification in principle or authority for the application of the constitutional provision. There were, in fact, ample funds provided for the very obligation incurred, and the subsequent expenditure of those funds in their entirety, either for harbor work or for other purposes, cannot be permitted to defeat the rights of the creditor. The cases relied upon by respondents deal with situations where the funds were exhausted before the end of the fiscal year in which the obligation was incurred. Even if the rule contended for might be applied to a judgment, nevertheless where, as here, funds still remained in that year, but were expended for other purposes in subsequent years, the moneys thus expended are considered as still in the treasury so far as the inhibitions of article XI, section 18, are concerned. (*Brooks* v. *Gilroy*, 219 Cal. 766 [29 Pac. (2d) 212]; *Bilby* v. *McKenzie*, 112 Cal. 143 [44

Pac. 341]; see, also, *Martin* v. *Fisher*, 108 Cal. App. 34 [291 Pac. 276]; *Montague & Co.* v. *English*, 119 Cal. 225 [51 Pac. 327].)

 The city makes the final contention that the contractor was guilty of laches in that with knowledge of its claim, and the availability of funds to pay it, it nevertheless stood idly by and permitted the city to expend the money in subsequent years without making any attempt to enjoin the city from doing so. But the contractor could not know, of course, that over a million dollars would be spent without reserving the small sum necessary to pay its claim; and it is not clear upon what theory he could enjoin expenditures by the city. In any event, in view of the proper and timely demand for payment, the failure to attempt this extraordinary remedy cannot constitute laches.

Let a peremptory writ of mandate issue, directing respondents to levy a tax for the fiscal year 1935–36, sufficient to pay at least two-tenths of the amount of the balance due on the above-mentioned judgment, and to pay the funds thus obtained to petitioners.

Preston, J., Thompson, J., Seawell, J., Shenk, J., Waste, C. J., and Curtis, J., concurred.