[Civ. No. 5486.   Third Appellate District.—April 27, 1936.]

JAMES H. JORDAN, Appellant, v. WILLIAMS IRRIGA-
TION DISTRICT et al., Respondents.

W. Coburn Cook for Appellant.

Hankins & Hankins and A. L. Cowell for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against him for declining to amend his complaint after a demurrer thereto had been sustained.

The second amended complaint contains two counts. The first cause seeks to recover a judgment against the defendants for the aggregate sum of $2,880 alleged to be due and unpaid on 84 coupons for accrued interest on irrigation bonds of a consolidated district. It is alleged the Williams Irrigation District is located in Colusa County and that it was organized under the laws of California, April 13, 1920; that the Glenn-Colusa Irrigation District is situated in Glenn and Colusa Counties, and that it was organized under the laws of California, March 2, 1920; that the last-mentioned district "was enlarged to include the Williams Irrigation District, and that such consolidation became effective June 16, 1924"; that ever since its organization the consolidated district "has been and now is an irrigation district organized and existing under and by virtue of the laws of the State of California"; that the

Williams Irrigation District issued interest-bearing bonds in 1921, in the sum of $600,000; that the plaintiff is the owner and holder of 84 interest coupons of these bonds of the face value of $30 each, the terms of which are specifically alleged; that these coupons are numbered 122 and from 149 to 157, inclusive, and are dated February 26, 1932, to March 21, 1934; that these coupons were presented to the treasurer of the irrigation district on certain specified dates, and that no part of them has been paid.

The second cause of action seeks to recover judgment for the same sum of $2,880 alleged to have been advanced to the irrigation district at its special request, no part of which has been paid. In other words, the second count is a suit in *assumpsit* for money had and received.

The demurrer is general and special in character. It asserts that the complaint fails to state facts sufficient to constitute a cause of action; that the court is without jurisdiction over either defendant; that there is a misjoinder of parties defendant, and that the complaint is uncertain in that it cannot be ascertained therefrom what terms or conditions the coupons contain or from what dates the interest thereon is to be computed; how the Glenn-Colusa Irrigation District became obligated to pay these interest coupons; to what officers or parties the coupons were presented for payment, or whether an assessment has ever been levied by the irrigation districts for the payment of these coupons.

The demurrer was sustained as the judgment states "for the reason that the said complaint does not state facts sufficient to constitute a cause of action". The plaintiff was granted ten days in which to amend, but he declined to amend the pleading and judgment was subsequently rendered against him. From that judgment this appeal was perfected.

■ We are of the opinion the first count of the complaint states a good cause of action and that the court erred in sustaining the demurrer thereto. It is true that the language employed in the complaint is not as specific in some instances as it might have been, but it appears to contain allegations sufficient to state a cause of action.

■ The respondents first contend that the complaint fails to allege the consolidation of the two irrigation districts pursuant to law. This objection is not well taken. The demurrer does not specify the failure to allege the consolidation

of the districts. It merely asserts there is a misjoinder of parties defendant. ■ An irrigation district is a public corporation organized pursuant to law (Stats. 1897, p. 254, and amendments thereto; 2 Deering's Gen. Laws of 1931, p. 1948, Act 3854) for municipal purposes. (*Crawford* v. *Imperial Irr. Dist.*, 200 Cal. 318 [253 Pac. 726].) Irrigation districts are authorized to consolidate pursuant to law. (Stats. 1921, p. 1018; 2 Deering's Gen. Laws of 1931, p. 2027, Act 3866.) A general allegation that an irrigation district was organized at a specified time and that it exists pursuant to law is sufficient to confer jurisdiction of the public corporation on the court. ■ It will be observed that the complaint specifically alleges that both the Williams Irrigation District and the Glenn-Colusa Irrigation District were organized "by virtue of the laws of the State of California", together with the particular dates when these districts were so organized. Then it is specifically alleged that the Glenn-Colusa Irrigation District "was enlarged to include the Williams Irrigation District, and that such *consolidation* became effective June 16, 1924". From the last statement it must be clearly understood that the last-mentioned district became a part of and was merged in the Glenn-Colusa Irrigation District. Then it is alleged that Glenn-Colusa Irrigation District, ever since its organization was, "and now is an irrigation district organized and existing under and by virtue of the laws of the State of California". This is a sufficient allegation that the consolidated district was organized and exists pursuant to the statutes provided therefor. ■ Knowledge of the law and the requirements of the statutes with relation to the organization and consolidation of irrigation districts will be imputed to all who are interested therein. (*Board of Directors of Modesto Irr. Dist.* v. *Tregea*, 88 Cal. 334 [26 Pac. 237].) ■ It will also be noted that all of the coupons upon which this suit is based matured after the date of the consolidation of the two irrigation districts, and therefore become a charge against the consolidated irrigation districts.

■ Upon the organization of an irrigation district or on consolidation of such districts pursuant to law, the district takes the legal title to land therein and the property "in trust for the uses and purposes set forth in the act". (Sec. 9, Consolidation Irrigation Act of Calif., *supra; Merchants*

*Nat. Bank of San Diego* v. *Escondido Irr. Dist.*, 144 Cal. 329 [77 Pac. 937].) We are of the opinion that when a public corporation takes over the property of another irrigation district, whether by consolidation or otherwise, there is an implied promise to pay the obligations of the organization thus absorbed and an equitable trust is thereby created pursuant to law, making the promisor liable for the indebtedness of the promisee. (*Anderson* v. *Calaveras Central Min. Corp.*, *ante*, p. 338 [57 Pac. (2d) 560].)

It is contended that the complaint in the present case fails to state facts sufficient to constitute a cause of action for the reason that it fails to allege pursuant to section 8 of the Consolidation Irrigation District Act of California that the board of directors of the consolidated district did "apportion to the lands of the said consolidated district any outstanding indebtedness", which may have existed. The complaint alleges that the two districts were consolidated, and that the Glenn-Colusa Irrigation District, which "was enlarged to include" the Williams District is "an irrigation district organized and existing under and by virtue of the laws of the State of California". This is a sufficient allegation to assume that section 8, *supra*, was complied with according to law. Moreover, the failure to apportion the former indebtedness to particular tracts of land does not relieve the irrigation district of the obligation of paying the indebtedness which it assumed by consolidating the districts. The apportionment of the former indebtedness merely designates the particular lands within the district against which the indebtedness may become a lien. The omission to apportion the indebtedness may affect the ultimate means of satisfying the debt, but it does not invalidate the primary liability of the district. It is immaterial whether an assessment was ever levied or not. If the plaintiff has a valid claim against the defendants, or either of them, he is entitled to maintain his action and recover judgment therefor, regardless of whether the officers of the irrigation district may have failed to perform their duties, and thus deprived him of a lien on particular property of the district. That is a mere means of satisfying the judgment, and has nothing to do with the merits of the cause. (*H. S. Crocker Co., Inc.*, v. *County of Lake*, 4 Cal. App. (2d) 29 [40 Pac. (2d) 931] ; 33 C. J. 1211, sec. 149.)

■ The demurrer was sustained on the sole ground that the complaint fails to state a cause of action. It was not sustained on the ground that there was a misjoinder of parties defendant. Assuming, without so deciding, that the Williams District was merged in the Glenn-Colusa District, and thereby became terminated by the consolidation so as to relieve it from liability, the Glenn-Colusa Irrigation District would still be liable and the complaint states a good cause of action against the last-mentioned district at least.

■ The complaint does allege the specific terms of the interest coupons upon which the cause of action is founded. It also alleges the respective dates when each coupon was presented to the treasurer of the district for payment, together with the dates when each coupon matured. It follows that the district is liable for the legal rate of interest on its matured obligations from and after the date of the presenting and demand for payment thereof.

We are therefore of the opinion the first count of the second amended complaint states a good cause of action, and that the court erred in sustaining the demurrer thereto.

■ For the reason that the second count of the amended complaint fails to state facts sufficient to constitute a cause of action, the order sustaining the demurrer to the second count is affirmed. The judgment is reversed with relation to the first count of the complaint and the court is directed to overrule the demurrer thereto and permit the defendants to answer the pleading.

Steel, J., *pro tem.,* and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 27, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1936.