[Sac. No. 5193. In Bank.—September 27, 1939.]

SAMUEL L. CARPENTER, Jr., Insurance Commissioner, etc., Appellant, v. GLENN-COLUSA IRRIGATION DISTRICT, Respondent.

W. Coburn Cook for Appellant.

Hankins & Hankins and P. J. Minasian for Respondent.

THE COURT.—This is an action by the holder of bonds of an irrigation district to recover a money judgment against the successor of the district.

Glenn-Colusa Irrigation District, defendant herein, was organized in 1920. In 1924 a plan was proposed for its consolidation with Williams Irrigation District, a smaller district. This plan was carried out by an election called for the purpose, and thereby the Williams Irrigation District became a part of defendant.

Plaintiff is the holder of unpaid bond interest coupons of the old Williams District which matured after the consolidation, in the sum of $18,000. He brought this action, alleging his ownership and that the coupons were presented

to the treasurer of defendant district with demand for payment, which was refused. The prayer was for a money judgment against the district. A general demurrer was sustained without leave to amend, and judgment for defendant followed. Plaintiff appealed.

■ This case is controlled by *Moody* v. *Provident Irr. Dist.*, 12 Cal. (2d) 389 [85 Pac. (2d) 128]. It was therein pointed out that under section 52 of the California Irrigation District Act, registration of unpaid bonds or coupons amounts to a new agreement, in which the interest rate rises from 6 per cent to 7 per cent, and the statute of limitations is tolled, until such time as money becomes available to pay the obligations. It followed, therefore, that no additional right would be gained by the entering of a money judgment, which would be an idle and unnecessary act. Accordingly it was held that an action to recover such a judgment was improper.

Plaintiff necessarily concedes the force of the above decision, but suggests exceptions to the rule by reason of certain asserted differences in the facts of the present case.

The first point urged is that this action seeks to establish the liability of the defendant, Glenn-Colusa Irrigation District, for the old obligations of the Williams Irrigation District. Plaintiff relies on certain general observations in *Jordan* v. *Williams Irr. Dist.*, 13 Cal. App. (2d) 465 [57 Pac. (2d) 566], to the effect that when a public corporation or district takes over the property of another district, there is an implied promise to pay the obligations of the district thus absorbed. Defendant replies by setting forth the asserted facts of consolidation, showing that the plan recommended by the state engineer and submitted to the voters called for the apportionment of the indebtedness of the Williams District to the lands of that district alone, and that assessments have been levied on the lands of the old Williams District annually for that purpose. However, we need not discuss these matters, for defendant's statement is mere argument in the briefs brought forth in connection with its contention that the point is outside the issues of the case. With this contention we agree.

■ Plaintiff, in effect, now asks for declaratory relief, a determination of the liability of the lands of defendant district for the obligations represented by certain bonds. But this was not a proceeding for declaratory relief, con-

tains no pleadings appropriate thereto, and the complaint discloses an entirely different object. The sole relief sought, a money judgment, is inappropriate, whether defendant district is or is not liable on the bonds. Hence the lower court was warranted in sustaining the demurrer.

The next point made by plaintiff is that certain of his bond coupons were not presented within 4 years of their maturity, and, therefore, are on their face barred by the statute of limitations. But, he contends, the district has never made any provision for payment of these coupons during the last 10 years, and consequently should be estopped to set up the defense of the statute of limitations. Here again it seems that plaintiff wants a declaratory judgment in the appeal from the lower court's decision. We repeat that whether defendant is liable on the bonds owned by plaintiff, and whether the liability on any of them has become barred by limitations, are not matters which can be determined in an action for a money judgment against the district. If any basis for estoppel exists, and we express no opinion on the point, the denial of a money judgment in this case cannot deprive plaintiff of any rights he may have by virtue of such an estoppel.

It is finally urged by plaintiff that it is necessary to decide what are his rights on coupons presented for payment but not stamped by the treasurer. Assuming that there are such coupons, it seems to be conceded by defendant that the presentation is all that is required to give bonds or coupons the benefits of registration under the statute, and we have no reason to question this concession. But this point, likewise, is outside the issues of the present proceeding, for the reasons stated above.

The judgment is affirmed.