[S. F. No. 12612.  In Bank.—August 30, 1929.]

STEPHEN MILLER et al., Appellants, v. CITY OF PALO ALTO (a Municipal Corporation), Respondent.

Miller & Thornton for Appellants.

Norman E. Malcolm and Leon Thomas David for Respondent.

LANGDON, J.—This appeal is by the plaintiffs from a judgment against them rendered after a demurrer to their complaint had been sustained upon the ground that said complaint failed to state a cause of action, and plaintiffs had declined to amend. The complaint alleges that the plaintiffs Stephen and Ida M. Miller are husband and wife and at the times mentioned therein were the owners of certain described real property in the county of Santa Clara, California, upon which certain buildings were situated; that said buildings were insured against fire by the other plaintiffs; that on or about the ninth day of October, 1926, the defendant, City of Palo Alto, a municipal corporation, ''in the carrying out and performing of its duties and powers as such municipal corporation, as aforesaid, caused to be taken from an incinerator constructed by it for the purpose of burning garbage collected within the bounds of said city, and to be removed to and deposited on vacant property about one-quarter of a mile southeasterly from the premises and property aforesaid of the said plaintiffs Stephen Miller and Ida M. Miller, certain materials that were hot and burning, and carelessly and negligently failed to take, or cause to be taken, any care or caution of any kind or character to keep the fire that was burning in said materials confined thereto, or to prevent the fire that was burning in said materials from spreading to adjoining or other property; that, by reason of such carelessness and negligence on the part of said defendant City of Palo Alto, the fire, which was burning as aforesaid in said materials at the time they were deposited as aforesaid on said vacant property, spread to, along and through dry grass, weeds, stubble and other inflammable materials on the ground between the place where said materials were so deposited and the premises and property aforesaid of the said plaintiffs Stephen Miller and Ida M. Miller, and burned and completely destroyed said property and all thereof.''

It is conceded by plaintiffs and appellants that a municipal corporation is not liable for damages caused by its negligence or that of its employees in the exercise of governmental functions, unless it is expressly made liable

by statute, and it is also conceded that in the collection and disposal of garbage a municipal corporation exercises governmental functions. Appellants insist, however, that the complaint is not based upon negligence of the corporation or its employees in the performance of governmental functions, but upon the negligence of defendant after its governmental functions had ceased. The controversy resolves itself into a determination of what is included in a disposition of garbage. The trial court held that when incineration is the method of disposal used by a municipality, the process is not completed until the ashes are disposed of, and we see no escape from the logic of this conclusion.

Appellants rely upon the case of *Savannah* v. *Jones*, 149 Ga. 139 [99 S. E. 294]. In that case, an employee of the city, in collecting garbage, left the lid of one of the receptacles from which the garbage was taken open and in a position where a pedestrian walking along the sidewalk collided with it and sustained injuries. The court held that at the time of the injury the city had ceased the exercise of its governmental functions and was under the duty of keeping its streets and sidewalks free from obstruction, and liability was based upon this ground. In the instant case, the plaintiffs are without the corporate limits of Palo Alto and the city owes no duty to them to keep the premises within a quarter of a mile from plaintiffs' premises free or clear from debris or deposits. The cases are differentiable upon this ground.

The case of *Louisville* v. *Hehemann*, 161 Ky. 523 [L. R. A. 1915C, 747, 171 S. W. 165], also relied upon by appellants, involved a continuing nuisance, where the city deposited garbage in a street for a long period of time, which garbage became a putrefying mass and injured the health and destroyed the lives of persons living in the vicinity. This case is also differentiable from the instant case, where no nuisance is alleged, although it is urged by appellants that the deposit of the burning rubbish constituted a nuisance and upon this ground the city is liable. However, as held by the trial court, the complaint does not allege a nuisance within our statutory definition of such, nor does it allege facts from which a nuisance may be inferred. It alleges a single act of negligence on the part of the city.

There is no merit in appellants' contention that the injury of which they complain constitutes a taking of private property for public use. A public use is "a use which concerns the whole community as distinguished from a particular individual or a particular number of individuals; public usefulness, utility or advantage; or what is productive of general benefit; a use by or for the government, the general public or some portion of it." (32 Cyc. 1255, and cases there cited.)

The judgment is affirmed.

Shenk, J., Seawell, J., Waste, C. J., Curtis, J., and Preston, J., concurred.

Rehearing denied.

All the Justices present concurred.