[Civ. No. 11814. Second Appellate District, Division One.—August 31, 1939.]

JOHN LABOZETTA, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Irving E. Read for Appellant.

Ray L. Chesebro, City Attorney, Frederick Von Schrader, Assistant City Attorney, and Leonard Husar and Bourke Jones, Deputies City Attorney, for Respondent.

DORAN, J.— Plaintiff, John Labozetta, appeals from a judgment in favor of the defendant and respondent, City of Los Angeles, a municipal corporation.

At the trial an objection by respondent to the introduction of any evidence on the ground that the complaint did not state a cause of action was sustained, and a judgment in favor of defendant City of Los Angeles followed. As to the defendant W. C. Lambert, a default judgment having been entered on March 2, 1934, and plaintiff having failed to have the judgment entered within three years after the service of summons, a separate judgment of dismissal was filed on November 17, 1937.

The issue presented is whether the complaint states a cause of action.

The complaint alleged, in substance, that the city was the owner of a building in which it operated boilers, engines and other mechanical appliances for the purpose of supplying heat, steam and power, either in whole or in part, to jail buildings of the city; that one of the boilers was out of use and in need of repairs; that plaintiff's employer, J. E. Webster, federal receiver for the Southwestern Engineering Corporation, entered into a contract with the city to repair this boiler; that pursuant thereto, plaintiff proceeded to work on the boiler and warned the defendant W. C. Lambert, who was in charge of the boiler room, not to turn on any steam in the boiler as he was going to work inside of it, but that Lambert negligently turned on certain valves in said boiler room which permitted live steam to enter the boiler in which plaintiff was then working, thereby injuring the plaintiff.

The demurrer interposed by the defendant city raised the point that "the injury complained of was in the boiler room of a jail building of the City of Los Angeles and such buildings are used in the administration of governmental affairs of the City of Los Angeles and therefore there is no liability existing against the City of Los Angeles".

Appellant contends in effect, however, that although a municipality may be acting in a governmental capacity in maintaining jail buildings and the necessary adjuncts thereto, yet with respect to the repair of such structures and appliances it acts in a proprietary capacity upon the theory that the contracts of the city with respect thereto are governed by the law of contracts as they relate to private persons, and that the repair of such structures is a ministerial act.

Appellant's contention, in effect, that the nature of the city's relation to the property changes from that of governmental to proprietary for the reasons urged, as above noted, is clearly without merit. The objection was properly sustained.

As pointed out by respondent in substance, it is not contended by appellant that the operation of the steam plant was not a necessary and incidental adjunct to the full and continued use of the property. And in that connection it is at once evident that it is as much the exercise of a governmental function to maintain and keep in repair property owned and used in the performance of municipal powers and duties, as it is to acquire and utilize such property in the first instance. The record herein repels appellant's effort to sustain the distinction relied upon. The mere repair of the property in question created no liability on the part of the city in connection therewith.

It is too well settled to require citation of authority that a municipality is not liable for damage resulting from the exercise of purely governmental activities.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 30, 1939.