[Civ. No. 14344.   Second Dist., Div. Two.   Mar. 23, 1944.]

JOHN HANSON, Respondent, v. CITY OF LOS ANGELES,
Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Victor P. Spero, Deputy City Attorney, for Appellant.

Ira A. Gwin for Respondent.

McCOMB, J.—From a judgment in the sum of $2,500 after trial before a jury in an action to recover damages for the negligent acts of defendant in burning weeds on lots adjacent to plaintiff's property, defendant appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are:

On June 9, 1941, defendant, through its duly authorized agents, while burning weeds for the purpose of abating a nuisance on a lot adjacent to a piece of real property owned by plaintiff, negligently permitted the fire to spread and destroy plaintiff's property.

This is the sole question necessary for us to determine:

*Did the trial court commit prejudicial error in instructing the jury as follows:*

*"It is true that a municipal corporation, when exercising governmental functions as such, is not liable for damages caused by a negligent act of its employees unless it is expressly made so by statute.*

*"It is also true that a municipal corporation, when acting within its proprietary capacity, is liable for damages caused by negligent acts of its employees.*

*"It is the law that the corporation's liability for tort or negligence of its employees depends upon the nature of the work being done and the instrumentalities connected with the performance, its method and manner, at the time the act is alleged to have been committed. If the agents were acting in a governmental capacity, no liability attaches to the corporation, under the elementary rule that the state or municipality and its various subdivisions is not liable for*

*torts of its agents while acting within a governmental capacity. On the other hand, if the agents of the corporation at the time are acting in a proprietary capacity, the city or municipal corporation is liable therefor.*

*"It is for you to determine from all the facts in evidence herein as to whether or not said city was acting within its governmental capacity or its proprietary capacity."*

This question must be answered in the affirmative and is governed by the following pertinent rules:

(1) Whether under a given state of facts a municipality is engaged in a governmental function as distinguished from a proprietary function is a question of law for the determination of the trial judge. It is not a question of fact to be decided by a jury. (*Bertiz* v. *City of Los Angeles,* 74 Cal.App. 792, 794 [241 P. 921]; see, also, *Pearce* v. *Boggs,* 99 Cal. 340, 342 [33 P. 906].)

(2) In burning dried weeds and grass on vacant lots for the purpose of abating a nuisance a municipality is engaged in a governmental function. (See *Miller* v. *Palo Alto,* 208 Cal. 74, 76 [280 P. 108]; *Pittam* v. *City of Riverside,* 128 Cal.App. 57, 62 [16 P.2d 768]; *In re Pedrosian,* 124 Cal.App. 692, 697 [13 P.2d 389]; 12 A.L.R. (1921), page 1143.)

(3) In the absence of a statute to the contrary a municipality is not liable for damage resulting from the negligent act of its employees when performing a governmental function. (*Miller* v. *City of Palo Alto, supra,* 75; *Brindamour* v. *Murray,* 7 Cal.2d 73, 78 [59 P.2d 1009]; *Labozetta* v. *City of Los Angeles,* 34 Cal.App.2d 442, 444 [93 P.2d 571]; *Fox* v. *City of Pasadena,* (C.C.A. Cal.) 78 F.2d 948, 949.)

Applying the foregoing rules to the facts in the instant case, it is evident that the trial judge violated rule 1, *supra,* by submitting to the jury, through the last paragraph of the quoted instructions, the question of whether or not defendant was engaged in a governmental or proprietary function at the time the alleged negligent acts were committed which resulted in damage to plaintiff.

This error was prejudicial since under the conceded facts and rule 2, *supra,* defendant was engaged in a governmental function in burning the weeds which resulted in the fire that caused damage to plaintiff. Therefore, under rule 3, *supra,*

defendant was not liable for the damage caused, as there was no statute in existence imposing liability under the circumstances of this case.

For the foregoing reasons the judgment is reversed and the trial court is ordered to enter a judgment for defendant.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied April 11, 1944, and respondent's petition for a hearing by the Supreme Court was denied May 18, 1944. Curtis, J., Carter, J., and Schauer, J., voted for a hearing.