[Civ. No. 16685.   Second Dist., Div. Two.   July 8, 1949.]

MRS. ADDIE SHIPLEY, Appellant, v. THE CITY OF ARROYO GRANDE et al., Respondents.

Buck & O'Reilly and John F. Runner for Appellant.

Kaetzel & Kaetzel, Richard F. Harris and Jack P. Kaetzel for Respondents.

MOORE, P. J.—Plaintiff sued for damages for personal injuries sustained as a result of being struck by an automobile owned and operated by defendant, Opal Renfro. The latter having apparently lost control, her machine proceeded over and across a curb and onto the sidewalk, crushing plaintiff, a pedestrian, against an adjacent building.

The city's demurrer to the amended complaint was sustained without leave to amend. From the ensuing judgment of dismissal comes this appeal.

The sole question for decision is whether a valid cause of action was, or could be, stated against the city with respect to a "dangerous or defective condition" of a public street under the provisions of the Public Liability Act of 1923. (Stats. 1923, p. 675; 2 Deering's Gen. Laws, Act 5619.)

The liability of a city for injuries to persons or property while lawfully on its public streets arises only in case such injuries result from the dangerous or defective condition of such streets. (Stats. 1923, *supra; Hanson* v. *City of Los Angeles,* 63 Cal.App.2d 426, 428 [147 P.2d 109]; *Miller* v. *City of Palo Alto,* 208 Cal. 74, 75 [280 P. 108].)

While the amended complaint alleges that "by reason of the . . . dangerous and defective condition of said street . . . plaintiff was struck," the pleading proceeds to recite that the driver's "car did fail to halt at the curb of the sidewalk . . . but continued on and over said curb and sidewalk to strike . . . the plaintiff." In her brief appellant says that "here there was at least a nominal curb to delineate the sidewalk from the street." Not even a slope of the terrain is

alleged whereby a moving vehicle might accidentally proceed onto the sidewalk. The only attempt to allege a defective condition is that, at the point where the automobile went upon the sidewalk "the curb separating that portion of Branch street used for vehicular traffic from the portion . . . used for pedestrian traffic . . . did not at any time herein mentioned exceed two inches in height." The pleading is therefore devoid of a statement of facts from which it may reasonably be inferred that a "dangerous or defective condition" existed on respondent's street.

It is a fact of universal knowledge that an automobile in the absence of its driver's negligence may be parked against a 2-inch curb or even in front of a painted line. That a motorist would drive upon a low curb does not render it defective or dangerous. It is only the carelessly driven car that creates the peril. Therefore, no action against a city may be stated when a negligent operator of an automobile propels it against a person lawfully on the street. The Statute of 1923, *supra,* fixing liability upon municipalities for injuries arising from the defective condition of a street meant just that and no more. In *Campbell* v. *City of Santa Monica,* 51 Cal.App. 2d 626, 627 [125 P.2d 561], the plaintiff was struck by an automobile on the Promenade, a sidewalk created for pedestrians. Where no signs or barriers inhibited motor cars from using it or to warn pedestrians of the presence of vehicles, this court held that even though a city prohibit a negligent use of its sidewalks its failure to enforce its prohibitory ordinance imposes no liability. The Public Liability Act was not ordained for the purpose of protecting those who go upon city streets but only those who suffer by reason of a "dangerous or defective" condition there. If young Campbell could not recover where the city authorized some vehicles to drive on a sidewalk why should appellant herein be entitled to recover where no motorist was authorized to go upon a sidewalk? Certainly, her right of recovery could not arise from the presence of a 2-inch curb when the Santa Monica sidewalk had no curb or barrier at all. A city is not liable for injuries caused by motor vehicles merely because it may appear that its streets and curbs which are in no sense dangerous for careful use could possibly be made secure against peril by a more elaborate construction or by installing one of a simpler type (*Belcher* v. *San Francisco,* 69 Cal.App.2d 457, 463 [158 P.2d 996]). In *Storen* v. *Chicago,* 373 Ill. 530 [27 N.E.2d 53], the city was not liable where an automobile ran onto a side-

walk at a point where the curb had been cut away. It was not a defective construction nor was it in any way dangerous for the purpose to be served.

In the instant case the harm was caused not by the condition of the curb but by the negligent operation of a motor vehicle by a third party. Liability of a city may not be created by the conduct of a motorist who disregards the law or negligently operates his car to the detriment of others. Therefore, since liability cannot be predicated upon the facts established by her pleading, an amendment thereof would be idle.

*Bauman* v. *San Francisco,* 42 Cal.App.2d 144 [108 P.2d 989], relied upon by appellant is distinguishable in that the dangerous, defective condition there considered was due to the improper use or method of operation of a playground by the city. There the proximity of the small children's sandbox to the baseball diamond created a high risk of danger arising out of the normal use of the facilities provided. In the instant case the normal use by motorists of the street provided by the city created no peril for pedestrians. *Brooks* v. *City of Monterey,* 106 Cal.App. 649 [290 P. 540], and *Rafferty* v. *City of Marysville,* 207 Cal. 657 [280 P. 118], are also distinguishable on their facts. In each an obviously defective, dangerous, or deceptive condition was permitted to exist. Such is not true in the instant case.

Liability on the part of respondent was not created by the fact that an ancient ordinance permitted motor vehicles to be parked diagonally to the curbs. Such ordinance was nullified in 1935 by a general statute. (Veh. Code, § 588.) However, to repeal or to enforce an ordinance is an incident of governmental power. A failure to do either does not give rise to liability on the part of the city. (*Campbell* v. *City of Santa Monica, supra,* p. 627.)

Furthermore, section 588 was not adopted as an inhibition against angle parking or to benefit pedestrians on the streets other than state highways. It was enacted for the protection and benefit of motorists traveling along *state highways.* Therefore, appellant cannot recover by merely showing that she was injured by reason of respondent's failure to erase the diagonal lines on its street in conformance with section 588. But to entitle her to recover against respondent it is necessary for her to show that section 588 was included in the Vehicle Code for the protection of a class to which she belonged. This she cannot do. (*Satterlee* v. *Orange Glenn School District,* 29 Cal.2d 581, 590 [177 P.2d 279]; *Batemen* v. *Doughnut*

*Corp. of America,* 63 Cal.App.2d 711, 717 [147 P.2d 404] ; *Figone* v. *Guisti,* 43 Cal.App. 606, 609 [185 P. 694] ; Rest., Torts, § 286, p. 755, com. e.) It follows that she cannot allege a cause of action against respondent.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.