[Civ. No. 5839.   Fourth Dist.   July 17, 1958.]

C. W. SEYBERT et al., Appellants, v. COUNTY OF
IMPERIAL, Respondent.

Robert S. Butts and French & Fleming for Appellants.

Arthur L. Lockie, District Attorney, Horton, Knox & Carter and Robert W. Rutherford for Respondent.

MUSSELL, Acting P. J.—This is an action for damages for personal injuries in which the trial court sustained a demurrer as to the defendant Imperial County on the ground that the first amended complaint did not state facts sufficient to state a cause of action against said county. The demurrer was sustained with leave to amend. However, the plaintiffs failed to amend their complaint within the time allowed by the court and thereafter, on motion of the defendant county, a judgment of dismissal as to it was entered. Plaintiffs appeal from this judgment, contending that the allegations of their amended complaint are sufficient to state a cause of action under sections 53050 and 53051 of the Government Code.

On April 11, 1954, plaintiff Jean Seybert was water skiing on Weist Lake, an inland body of water approximately one-half mile wide, located approximately 7 miles northeast of the city of Brawley. She was being towed by a motor boat operated by her husband, plaintiff C. W. Seybert, and was struck by a motor boat owned and being operated by the individual defendants herein, causing her to suffer serious injuries.

It is alleged in the complaint that the defendant county owned said Weist Lake, together with the beaches, approaches, docks and other facilities connected therewith; that said county maintained and operated the lake as a place of public recreation; that the county, through its officers, agents and servants, so negligently maintained, operated and controlled said lake that the same constituted a dangerous and defective condition of public property in that

(1) The county negligently failed to promulgate and en-

force adequate, sufficient or any rules or regulations governing the operation of speed boats upon said lake for the safety of water skiers;

(2) Negligently failed and neglected to post copies of adequate or sufficient rules or regulations or any rules or regulations or other signs or indications of danger to water skiers in or about the waters or beaches of said lake for the protection of said water skiers and the plaintiffs;

(3) Negligently failed to patrol or police the waters of said lake and the beaches thereof;

(4) Failed to provide a numerically adequate personnel or any personnel for the purpose of patroling and policing the waters and beaches of said lake;

(5) Failed to provide a sufficient number of efficient boats and motor vehicles or any boats and motor vehicles for the transportation of personnel necessary to adequately patrol and police the waters and beaches of said lake;

(6) Failed to provide an efficient and adequate means of communication with and between said personnel or any of them to enable them to efficiently and adequately patrol said waters and beaches;

(7) Failed to provide efficient experienced and trained personnel to patrol and police said waters and beaches for the protection of water skiers;

(8) Negligently failed to supervise, direct and control the activities of said personnel;

(9) Failed to prohibit and prevent speed boats from maneuvering and proceeding at a speed, traffic patterns, and in a manner dangerous to water skiers and the plaintiffs;

(10) Negligently failed to operate, maintain and control said lake and the publicly owned recreational areas thereof in a safe condition for the use by plaintiffs and other persons using said lake and adjacent premises.

The sole question presented on this appeal is whether the allegations of plaintiffs' complaint are sufficient to state a cause of action under sections 53050 and 53051 of the Government Code.

Section 53050 of the Government Code defines "public property" as meaning public street, highway, building, park, grounds, works, or property, and "local agency" as including a county. Section 53051 provides:

"A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of

public property if the legislative body, board, or person authorized to remedy the condition:

"(a) Had knowledge or notice of the defective or dangerous condition.

"(b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

■■ These sections created a liability unknown to common law, and are to be strictly construed against the claim of plaintiffs (*Whiting* v. *City of National City*, 9 Cal.2d 163, 165 [69 P.2d 990]), and the question as to the extent of the duties which are imposed by the statute is one of law, to be determined by the court and not one of fact for the jury. (*Campbell* v. *City of Santa Monica*, 51 Cal.App.2d 626, 629 [125 P.2d 561].) ■ It is for the court to determine whether the cited statute, which is the measure of the waiver of governmental immunity, encompasses the liability which plaintiffs seek to impose and whether plaintiffs' allegations constitute a cause of action against the defendant county. (*Stang* v. *City of Mill Valley*, 38 Cal.2d 486, 490 [240 P.2d 980].)

■ In the instant case there are no facts stated in the complaint indicating that the lake involved was dangerous in its physical construction or intended use and appellants maintain that the failure of the defendant county to promulgate and enforce rules and regulations governing the operation of motor boats on said lake constitutes a dangerous or defective condition of public property. We are not in accord with this contention. While it is the rule that a defective or dangerous condition can be created by the use or general plan of operation of government operated property, as well as by a structural defect (*Irvin* v. *Padelford*, 127 Cal.App.2d 135, 140 [273 P.2d 539]; *Collenburg* v. *County of Los Angeles*, 150 Cal.App.2d 795, 799 [310 P.2d 989]), it is necessary to allege and prove that the lake involved was in fact dangerous and defective. In *Farrell* v. *City of Long Beach*, 132 Cal.App.2d 818, 819 [283 P.2d 296], the court said:

"A child injured accidentally on a public playground cannot recover for his injuries in the absence of proof that he was injured as a result of the dangerous or defective condition of the playground. (Gov. Code, § 53051; *Schmidt* v. *City of Vallejo*, 122 Cal.App. 5, 7, 9 [10 P.2d 107].) It follows that not only is no cause of action stated in the complaint, but it

is not possible to allege a valid cause of action for the reason that the playground itself was not directly responsible for plaintiff's injuries.''

█ A city is not an insurer of its public ways and is not bound to keep them so as to preclude the possibility of injury or accident therefrom. As is said in *Campbell* v. *City of Santa Monica, supra,* 629:

''The scope of the protection afforded by the statute is against a physically dangerous or defective condition of streets and sidewalks. The statute is not designed to protect against moving objects such as motor vehicles upon streets or highways, but only as to risks directly due to a physically dangerous or defective street or sidewalk. Here, the Promenade itself was neither dangerous nor defective.''

The principles announced in the foregoing cases are applicable herein. In the instant case it is clear from the pleadings that the accident was caused not by the want of rules and regulations and their enforcement but by the negligent operation of a motor boat on said lake by the individual defendants.

In *Hoel* v. *City of Los Angeles,* 136 Cal.App.2d 295, 303 [288 P.2d 989], it was held that the failure of a city to direct traffic would be within the exercise of a governmental function and could give rise to no municipal liability because not consisting of the use of defective property. And in *Shipley* v. *City of Arroyo Grande,* 92 Cal.App.2d 748, 751 [208 P.2d 51], the court said: ''In the instant case the harm was caused not by the condition of the curb but in the negligent operation of a motor vehicle by a third party. Liability of a city may not be created by the conduct of a motorist who disregards the law or negligently operates his car to the detriment of others.'' This rule is equally applicable to the circumstances herein to the negligent operation of motor boats on the lake involved.

█ The promulgation by the defendant county of rules and regulations governing the operation of motor boats on the lake involved is a governmental function and the county cannot be held liable for failure to enact such ordinances or rules. In *Campbell* v. *City of Santa Monica, supra,* 629, the court said:

''While a city may by ordinance prohibit a misuse or negligent use of its streets and sidewalks, its failure to enforce such an ordinance imposes no liability upon it, in the absence of statute. This is so regardless of whether its failure is occasioned by want of barricades or signs or by want of neces-

sary police officers. . . . By making and enforcing ordinances regulating the use of streets and sidewalks the city exercises a governmental power, and so for any breach thereof there is no liability.''

In *Hoel* v. *City of Los Angeles, supra,* 303, the court said: ''. . . [t]he conclusion seems almost inevitable that the verdict was based upon a finding that Officer Allen was remiss either in failing to direct traffic or failing to depress and recess the faulty and misleading signal arm.

''If it was the former, failure to direct traffic, it was clearly a theory not sanctioned by the law. Such nonfeasance would be within the exercise of governmental function and could give rise to no municipal liability because not consisting of the use of defective property. [Citations.]''

In *Shipley* v. *City of Arroyo Grande, supra,* 92 Cal.App.2d 748, 751, the court said: ''. . . [t]o repeal or to enforce an ordinance is an incident of governmental power. A failure to do either does not give rise to liability on the part of the city.''

No rules and regulations were promulgated herein; hence, there can be no liability for failure to enforce them. The defendant county furnished the lake involved for the use of the public. However, it cannot be held liable under the statute for the failure to direct motor boat traffic thereon so as to prevent accidents. The statute is not designed to protect against such moving objects and there are no facts alleged in the complaint sufficient to state a cause of action against the defendant county.

Judgment affirmed.

Griffin, J., and McCabe, J. pro tem.,* concurred.

A petition for a rehearing was denied August 1, 1958, and appellants' petition for a hearing by the Supreme Court was denied September 10, 1958. Carter, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.