[Civ. No. 34840. First Dist., Div. Three. Mar. 19, 1975.]

NATHAN E. ELI, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Athearn, Chandler & Hoffman and Leigh Athearn for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Richard L. Mayers, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**DRAPER, P. J.**—Plaintiff-appellant, an inmate of San Quentin prison, alleges that prison authorities placed him "in punitive segregation." His personal belongings were taken from him and stored. Upon his return to the general prison population, he asserts that a cigarette lighter and a combination padlock were not returned to him. He made a claim for $75, the asserted value of those articles. The state Board of Control agreed to approve a claim for $22.30. Appellant rejected this offer and filed an action in superior court. His "complaint (inverse condemnation)," sought recovery of $75. Respondent moved to transfer the case to the municipal court as properly within its jurisdiction, rather than that of the superior court. The parties stipulated that this motion be treated as a demurrer to the complaint. After oral argument, the court sustained the demurrer without leave to amend. Plaintiff appeals.

Concededly, the demurrer was properly sustained unless the complaint states a cause of action in inverse condemnation.

Inverse condemnation is available to recover for loss of or damage to personal, as well as the more common case of real property. (*Sutfin* v. *State of California,* 261 Cal.App.2d 50, 53 [67 Cal.Rptr. 665] [hg. den.].)

However, it is clear that the principle of inverse condemnation does not subject the state to general tort liability. Inverse condemnation is the remedy only for such injury to private property as results from "a deliberate act carrying with it the purpose of fulfilling one or another of the public objects of the project as a whole" (*Bauer* v. *County of Ventura,* 45 Cal.2d 276, 286 [289 P.2d 1]). Neither "negligent acts committed during the routine day to day operation of the public improvement," nor "negligence in the routine operation having no relation to the function of the project as conceived" gives rise to a claim in inverse condemnation (*id.* p. 286).

It is true that an action for inverse condemnation may lie even though the private property taken or damaged is not itself devoted to a public use (*Sutfin* v. *State of California, supra,* 261 Cal.App.2d 50, 54 [hg. den.]). But the loss or damage must result from a *use* for public purposes. *Sutfin* dealt with damage resulting from the plan and construction of a public highway and associated flood control works. It in no way purports to modify the established rule enunciated in *Bauer.*

■ Although the loss of appellant's property results indirectly from the obviously public purpose of establishing and administering correctional facilities, it in no way relates to either the planning of the prison or its use as a public improvement. That loss resulted, rather, from careless (possibly wilful) error of minor public employees in routine day to day operation of the prison system, rather than from any defect in the planned construction or operation of that system. At most, as apparently recognized by the Board of Control, it gives rise to an action for conversion.

We recognize that failure to afford the prisoner a hearing which he may deem full and fair may diminish or destroy hope for his rehabilitation. The remedy, however, must lie in grievance procedures established by regulation of the Department of Corrections, or in legislation. It is not the judicial function to distort the definition of the remedy of inverse condemnation, so widely resorted to by many owners of private property, in order to fashion a remedy in superior court for claims of a few prison inmates.

Judgment affirmed.

Scott, J., and Good, J.,* concurred.

A petition for a rehearing was denied April 18, 1975, and appellant's petition for a hearing by the Supreme Court was denied May 14, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.