[No. 2763-1.    Division One.    March 8, 1976.]

SHAW DISPOSAL, INCORPORATED, ET AL, *Respondents*, v. THE CITY OF AUBURN, ET AL, *Appellants*.

*Schneider, Smythe, Salley & Van Siclen, Robert M. Smythe, John B. Bereiter, Moschetto & Alfieri,* and *Steve Paul Moen,* for appellants.

*Johnson & Crane* and *Ernest F. Crane,* for respondents.

WILLIAMS, C.J.—Shaw Disposal, Inc., and a private citizen sued the City of Auburn and R.S.T. Disposal, Inc., to enjoin the City from extending its garbage contract with R.S.T. Disposal without competitive bidding. A summary judgment was entered declaring the contract void. The issues on appeal are whether the City of Auburn must use competitive bidding procedures and contract for no more than 5 years when arranging for its garbage disposal. We hold Auburn is not so restricted and reverse.

The essential facts are that in 1968 Auburn, following competitive bidding, awarded a contract to R.S.T. Disposal to collect the garbage within the city for 3 years plus an additional 2 years at Auburn's option. At the end of 3 years, Auburn exercised the option. Then, without calling for bids, Auburn gave R.S.T. Disposal the right to extend the contract for two successive periods, totaling 6 years, at a cost of several hundreds of thousands of dollars. Shaw Disposal wishes to bid for the Auburn garbage business.

In 1969, Auburn became a noncharter code city as permitted by the Optional Municipal Code, Title 35A RCW, the purpose and policy of which are

> to confer upon two optional classes of cities created hereby the broadest powers of local self-government consistent with the Constitution of this state.

RCW 35A.01.010. Further, another section of the act, RCW 35A.11.020, provides that the legislative body of a code city

> shall have all powers possible for a city or town to have under the Constitution of this state, and not specifically denied to code cities by law.

The duties to be performed and the procedure to be followed by a code city are governed by general law unless inconsistent with the Optional Municipal Code. RCW 35A.11.030.

The ordinances in effect when Auburn became a code city continue in force unless inconsistent with or repugnant to the Optional Municipal Code, or unless amended or repealed. RCW 35A.90.010.

Thus, it is clear that Auburn, as a code city, may contract for garbage disposal without restriction unless prevented by the constitution, general law, or ordinance. *Reiter v. Chapman*, 177 Wash. 392, 31 P.2d 1005, 92 A.L.R. 828 (1934). Shaw Disposal does not suggest that there is a restriction in the state constitution. It does contend, however, that a section of the Optional Municipal Code, RCW 35A.40.200, requires that bidding procedures be followed for garbage contracts, because that section states in pertinent part

Every code city shall have the authority to make public improvements and to perform public works under authority provided by general law for any class of city and to make contracts in accordance with procedure and subject to the conditions provided therefor, including but not limited to the provisions of: . . . (2) RCW 35.23.352 relating to competitive bidding for public works, materials and supplies; . . .

RCW 35.23.352 was enacted to establish bidding procedures for second-, third-, and fourth-class cities. Contracts for "public work or improvement, including materials, supplies and equipment" costing over $5,000 must be on bid, and "[a]ny purchase of supplies, material, equipment or services other than professional services, except for public work or improvement" costing more than $2,000 must be bid.

Auburn's position is that RCW 35.23.352 does not apply to its garbage contracts because RCW 35A.40.200 relates to "public improvement" and "public work," not to garbage collection and disposal service. We agree. The term "public work," which Shaw Disposal believes covers garbage disposal, is defined in RCW 39.04.010 to include "all work, construction, alteration, repair or improvement other than ordinary maintenance, executed at the cost of the state or of any municipality, . . ."

The legislature has treated garbage collection and disposal in a distinct fashion. RCW 35.23.353 provides:

Any purchase by a municipality of the second, third or fourth class of supplies, material, equipment or services for garbage collection and disposal, except for public work or improvement, where the cost thereof exceeds two thousand dollars shall be made upon call for bids in accordance with the procedure prescribed for any public work or improvement in the first paragraph of RCW 35.23.352 as now or hereafter amended. Notwithstanding any provision of law to the contrary, any municipality of the second, third or fourth class may call for bids for garbage collection and disposal for a period of five years or less but in no case for more than five years. The contract shall be awarded to the lowest responsible bidder.

This statute with its 5-year limitation was not incorporated in the Optional Municipal Code and therefore does not apply to Auburn.

■ Shaw Disposal contends that RCW 35.23.352 and .353 are general laws applicable or available to Auburn. RCW 35A.11.030. "General law" is defined in that section as

any provision of state law, not inconsistent with this title, enacted before or after the passage of this title which is by its terms applicable or available to all cities or towns.

By their terms, RCW 35.23.352 and .353 do not apply to first-class cities, only second-, third-, and fourth-class cities; hence, they are not "general law."

There is good reason for not requiring code cities to let garbage contracts to the "lowest responsible bidder" as required in the bidding statute, RCW 35.23.352. As was said in *Davis v. Santa Ana*, 108 Cal. App. 2d 669, 676, 239 P.2d 656 (1952):

The accumulation of garbage and trash within a city is deleterious to public health and safety. The collection and disposal of garbage and trash by the city constitutes a valid exercise of police power and a governmental function which the city may exercise in all reasonable ways to guard the public health. It may elect to collect and dispose of the garbage itself or it may grant exclusive collection and disposal privileges to one or more persons by contract, or it may permit private collectors to make private contracts with private citizens. The gathering of garbage and trash is considered to be a matter which public agencies are authorized to pursue by the best means in their possession to protect the public health. (*In re Santos*, 88 Cal.App. 691 [264 P. 281]; *Miller v. City of Palo Alto*, 208 Cal. 74 [280 P. 108]; *Manning v. City of Pasadena*, 58 Cal.App. 666 [209 P. 253].)

An ordinance in effect when Auburn became a code city which has not been amended or repealed provides that it may enter into a garbage collection contract with a private operator. In the ordinance, reference is made to bids, and

The City shall enter into a contract with the successful bidder for the collection, removal and disposal of all gar-

bage, waste, and other similar substances as provided in this Section.

Ordinance No. 2246. No provision is made for bidding procedures and a "successful bidder" is not defined. Obviously, this ordinance was intended to dovetail with RCW 35.23.353, discussed above. As seen, that section of the statute is not in the scope of government for a code city such as Auburn, so the ordinance has no application.

Finally, Shaw Disposal contends that it is against public policy to permit Auburn to enter into a long-term contract without competitive bidding because of the danger of corruption. *Edwards v. Renton*, 67 Wn.2d 598, 409 P.2d 153, 33 A.L.R.3d 1154 (1965). There is that problem, of course, but there is also the question of whether a city should be required to contract for the collection and disposal of garbage solely on the basis of the lowest price. The legislature resolves questions of this kind, not the courts.

The judgment is reversed, with direction to dismiss the action.

SWANSON and CALLOW, JJ., concur.