Hira PATEL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Hira PATEL, Plaintiff,

v.

CITY OF SAN JOSE, et al.

Nos. C92–20161 EAI, C92–20624 EAI.

United States District Court,
N.D. California.

May 26, 1993.

See also 806 F.Supp. 873.

Joan R. Gallo, City Atty.; Clifford Greenberg, San Jose, CA, for defendant City of San Jose.

William Murphy, Asst. U.S. Atty., San Jose, CA, for defendant U.S.

Thomas M. Boehm, Matthews, Boehm & Hammon, San Jose, CA, for plaintiff Hira Patel.

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS RE INVERSE CONDEMNATION

INFANTE, United States Magistrate Judge.

### I. INTRODUCTION

The City brought its Motion for Judgment on the Pleadings pursuant to Rule 12(c),

Fed.R.Civ.P., on the grounds that Plaintiff Hira Patel's claim for inverse condemnation fails to state a claim upon which relief can be granted. Clifford Greenberg appeared on behalf of the City. Thomas Boehm appeared on behalf of Patel.

Having considered the parties' pleadings, the comments of counsel, and good cause appearing, the City's Motion for Judgment on the Pleadings as to Patel's claim for inverse condemnation is GRANTED.[1]

## II. BACKGROUND

In his Complaint, Plaintiff alleges that on March 19, 1991, he was the owner of property located in the County of Santa Clara at 14555 Mount Hamilton Road. The property contained an improved residence, which the plaintiff rented to third parties. The third parties were tenants of the property on March 19, 1991.

Plaintiff alleges that on March 19, 1991, the City entered upon his property in order to "serve criminal search and/or arrest warrant/s on the then occupant/s of the property." (Complaint, ¶ 8). He alleges that the service of the search and/or arrest warrant/s was performed "pursuant to a plan" in which the City substantially participated, approved, and which was "designed to promote a public benefit." (*Id.*) He further alleges that, as part of the City's efforts to serve the warrants, the City "fired smoke grenades, teargas canisters and percussion/flash grenades into the residence on the property." (*Id.* at ¶ 10).

Plaintiff alleges that the residence was ignited and completely destroyed by fire as a direct and proximate result of these activities. (*Id.* at ¶ 11). He also alleges that these activities were not the result of an immediate public necessity or impending peril and were not essential to the imminent protection of the public safety, health or morals. (*Id.* at ¶ 9). The Complaint contains causes of action for inverse condemnation, strict liability of ultrahazardous activity, and negligence.

## III. STANDARDS

Rule 12(c), Fed.R.Civ.P. provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In this case, Rule 12(c) is properly used to raise the defense of failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(h)(2); *See also, Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

The standard applied on Rule 12(c) motions is essentially the same as applied on Rule 12(b)(6) motions: judgment on the pleadings is appropriate when, assuming all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989). In deciding whether to grant a motion for judgment on the pleadings, not only are the material facts alleged in the complaint assumed to be true, but all inferences reasonably drawn from the facts must be construed, and all doubts resolved, in favor of the nonmoving party. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventists Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989), *cert. denied,* 493 U.S. 1079, 110 S.Ct. 1134, 107 L.Ed.2d 1039 (1990). The court need not, however, assume the truth of legal conclusions in the complaint merely because they take the form of factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

## IV. ANALYSIS

■■■■ Article I, section 19 of the California Constitution prohibits the government from taking private property for public use without just compensation. Inverse condemnation is a cause of action which allows a property owner to pursue a claim against a government entity for just compensation when his property has been taken or damaged for public use without prior compensation. *Baker v. Burbank–Glendale–Pasadena*

---

1. Pursuant to 28 U.S.C. Section 636(c) and Rule 73, Fed.R.Civ.P., the parties consented to the assigned Magistrate Judge to conduct any and all proceedings, including trial, and order the entry of judgment in the above entitled case.

*Airport Authority,* 39 Cal.3d 862, 218 Cal. Rptr. 293, 705 P.2d 866 (1985), *cert. denied,* 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 (1986); *Sheffet v. County of Los Angeles,* 3 Cal.App.3d 720, 84 Cal.Rptr. 11 (1970). An action for inverse condemnation arises directly from the Constitution (Art. I, § 19) and is independent of any right to sue under traditional tort theories. *Rose v. City of Coalinga,* 190 Cal.App.3d 1627, 1633, 236 Cal.Rptr. 124, 127 (1987). Thus, the extent of a public entity's liability is fixed by the Constitution and not by statutory rules or common law. *Id.*

■ An action for inverse condemnation is a two-step proceeding. *Lussier v. San Lorenzo Valley Water Dist.,* 206 Cal.App.3d 92, 253 Cal.Rptr. 470 (1988). First, the court determines whether the plaintiff is entitled to compensation. Second, the jury determines the amount of compensation to be awarded. *Id.* Thus, the court must initially decide whether there has been a taking of property for a "public use."

■ In the present case, the City concedes that the Complaint contains allegations of a physical taking. However, the City contends that there has been no compensable taking for a "public use." In opposition, Patel asserts that (a) the service of the search warrant was a "legitimate object of government," or a "public use;" (b) the City intended to destroy the house if necessary; and (c) the City converted the property to public use when it temporarily excluded all members of the public from the property during the course of the raid. However, Plaintiff is unable to cite to any California cases which have held that property damage caused by police officers in the course of police activity gives rise to a cause of action for inverse condemnation.

Claims for inverse condemnation typically involve the deliberate construction or maintenance of public projects, plans or improvements. *Bauer v. County of Ventura,* 45 Cal.2d 276, 289 P.2d 1 (1955) (diversion of waters); *Ullery v. County of Contra Costa,* 202 Cal.App.3d 562, 248 Cal.Rptr. 727 (1988) (storm drainage channel); *Marin v. San Rafael,* 111 Cal.App.3d 591, 168 Cal.Rptr. 750 (1980) (storm drain pipe); *Yox v. Whittier,*

182 Cal.App.3d 347, 227 Cal.Rptr. 311 (1986) (street drainage system); *Baker v. Burbank–Glendale–Pasadena Airport Authority, supra,* (public airport); *House v. Los Angeles County Flood Control Dist.,* 25 Cal.2d 384, 153 P.2d 950 (1944) (levee). However, it is well settled that there is no taking for "public use" where property damage is caused by "negligence in the routine operation" of a public project, plan, or improvement. *Bauer, supra* (while deliberate construction or maintenance of a public drainage system may give rise to a claim for inverse condemnation, not so for negligence in the routine, day-to-day operation of the system). In *Eli v. State of California,* 46 Cal.App.3d 233, 120 Cal.Rptr. 63 (1975), plaintiff's property was confiscated by a public employee while he was imprisoned. While the court stated that this confiscation was premised on the public purpose of establishing and administering correctional facilities, the court concluded that the confiscation in no way related to either the planning of the prison or its use as a public improvement. *See also, Miller v. City of Palo Alto,* 208 Cal. 74, 280 P. 108 (1929); *McNeil v. City of Montague,* 124 Cal.App.2d 326, 268 P.2d 497 (1954); *Neff v. Imperial Irrigation District,* 142 Cal.App.2d 755, 299 P.2d 359 (1956).

In *Miller, supra,* plaintiffs alleged that the city, in the course of its municipal duties, deposited burning garbage on real property near plaintiffs' property, causing the destruction of plaintiffs' property. The California Supreme Court upheld dismissal of plaintiffs' claim for inverse condemnation, stating that a public use is "a use which concerns the whole community as distinguished from a particular individual or a particular number of individuals; public usefulness, utility or advantage; or what is productive of general benefit; a use by or for the government, the general public or some portion of it." *Miller,* 208 Cal. at 77, 280 P. 108. *Miller, supra,* was followed in the similar case of *McNeil, supra,* in which plaintiff's property was destroyed by a fire caused by the city's negligent supervision of burning weeds. Likewise, *Miller, supra,* was followed in *Neff, supra,* in which plaintiff's crops were dam-

aged by the state's careless spraying of weed killer on an irrigation district.

In the present case, the City was not engaged in the ongoing construction or maintenance of a public project, plan or improvement, notwithstanding Plaintiff's conclusory allegations to the contrary. Rather, the facts alleged, if accepted as true, suggest only that the City carelessly conducted its routine and regular duty of pursuing criminals and obtaining evidence of criminal activity. The damage resulted from a single, isolated incident of alleged negligence. *Miller v. City of Palo Alto, supra; Bauer v. County of Ventura, supra; McNeil v. City of Montague, supra; Neff v. Imperial Irrigation District, supra; Eli v. State of California, supra.* Accordingly, a finding of inverse condemnation under these circumstances is precluded because the alleged taking of Plaintiff's property was not for a "public use."

Pursuant to Rule 12(c), the City's Motion for Judgment on the Pleadings as to Patel's first cause of action for inverse condemnation is GRANTED.