ERNST BEHRMANN, Appellant, v. CITY OF ST. LOUIS.

Division One, March 4, 1918.

1. CITY: Liability for Injuries Due to Employee's Negligence.   A city is not liable in damages for personal injuries resulting from the exercise by the city of a governmental and public power vested in it as a municipality of the State.

2. ――――: ――――: Exercise of Governmental Power.   A petition which alleges that plaintiff was engaged in repairing a gutter on a certain slaughter house in the city, and while he was standing on a ladder which rested against the top of the building which was about sixteen feet high, its base resting on the ground about four feet from the wall, a garbage wagon, owned and operated by the city and in charge of one of its employees, was driven through the alley in which plaintiff was working, and the driver, in the discharge of his duties as garbage collector, negligently stopped his team directly behind the ladder, although the alley was more than sixteen feet wide, and that the driver left his team of mules with no one to watch them, and during his absence and while plaintiff was intently engaged in his work with his back to the alley, the mules suddenly started forward and struck the lower part of the ladder, throwing plaintiff violently to the ground and seriously and permanently injuring him, does not state a cause

of action for the recovery of damages from the city. The city was acting in its governmental and public capacity, and that being true it is not liable for the negligence of its agents and employees in the same way as is an individual.

Appeal from St. Louis City Circuit Court.—*Hon. Kent Koerner,* Judge.

AFFIRMED.

*Wm. Zachritz* and *Harmon J. Bliss* for appellant.

(1) The duties of a municipal corporation are of two kinds, first, governmental duties, which have been delegated to the city by the Legislature in the exercise of which the municipality is the agent of the State, and, second, those duties which may be termed private or corporate duties, exercised for the benefit solely of the municipality and its inhabitants. Municipal corporations are not liable for the manner in which they exercise, in good faith, their governmental functions, but are liable for the manner in which they exercise their private or corporate powers. Ehrlich v. New York, 138 N. Y. Supp. 294; Chicago v. Sebers, 165 Ill. 371; Young v. Met. St. R. Co., 126 Mo. App. 1; Maxmilian v. Mayor, 62 N. Y. 164; Dumping Boat v. Mayor, 40 Fed. 50; People v. Kerr, 27 N. Y. 188; Weet v. Village of Brockport, 16 N. Y. 161; Lloyd v. Mayor, etc., 5 N. Y. 369; Murtaugh v. St. Louis, 44 Mo. 479; Carrington v. St. Louis, 89 Mo. 209, 215; Donahue v. Kansas City, 136 Mo. 657; Barree v. Cape Girardeau, 197 Mo. 383. (2) Where a municipality assumes the function of removing garbage or ashes from private premises, not owned, occupied or controlled by the municipality or its agents, the municipality is liable for any negligence in the manner in which the function named is performed. Maxmilian v. Mayor, 62 N. Y. 169; Jones v. New Haven, 34 Conn. 1; Chicago v. Sebers, 165 Ill. 371; Missano v. New York, 160 N. Y. 123; 28 Cyc. 1306, note 76; Quill v. New York, 36 N. Y. App. Div. 476, 55 N. Y. Supp. 889 (reversing 21 Misc. 598, 48 N. Y. Supp. 141); Ostrom v. San Antonio, 94

Tex. 523; Denver v. Porter, 126 Fed. 288, 61 C. C. A. 168; Dumping Boat Co. v. New York, 40 Fed. 50; Young v. Met. St. Ry. Co., 126 Mo. App. 1; Pass Christian v. Fernandez, 39 L. R. A. 649; Quill v. New York, 55 N. Y. Supp. 889; Weet v. Brockport, 16 N. Y. 161; Lloyd v. Mayor, 5 N. Y. 369; Ehrlich v. New York, 138 N. Y. Supp. 294; Sullivan v. City of Holyoke, 135 Mass. 273.

*Charles H. Daues* and *Everett Paul Griffin* for respondent.

The collection of the garbage by the city, or its officers and employees, whether from private premises, public streets and alleys or otherwise, is a duty performed in the interest of and for the benefit of the public health and general welfare, for which the city receives no return of any kind or character in the way of remuneration or compensation, and is, therefore, a governmental function of the highest character, and for any negligence of any employee of the city in the performance of such governmental function the city is not liable. Cassidy v. St. Joseph, 247 Mo. 197; Sprague v. St. Louis, 251 Mo. 629; Slater v. Joplin, 189 Mo. App. 383; 6 McQuillin on Mun. Corp., sec. 2625; State v. Butler, 178 Mo. 272; Love v. Atlanta, 95 Ga. 129; Haley v. Boston, 191 Mass. 291; Condict v. Jersey City, 46 N. J. L. 157; Johnson v. Somerville, 195 Mass. 370; Kuhn v. Milwaukee, 92 Wis. 263; Savannah v. Jordan, 142 Ga. 409; Louisville v. Hehemann, 161 Ky. 523; Hayes v. Oshkosh, 33 Wis. 314; McKenna v. St. Louis, 6 Mo. App. 320; Wilks v. Caruthersville, 162 Mo. App. 492; Murtaugh v. St. Louis, 44 Mo. 479; Ulrich v. St. Louis, 112 Mo. 138.

BOND, P. J.—I. Action to recover fifteen thousand dollars damages for personal injuries alleged to have been sustained by plaintiff through the negligence of an employee of the city of St. Louis.

The petition alleged that on November 19, 1913, while plaintiff was engaged in repairing a gutter on a certain slaughter house in the city of St. Louis, and while he was standing on a ladder which rested against the top of the building, which was about sixteen feet in height, its base resting on the ground about four feet from the wall of the building, a garbage wagon, owned and operated by the city of St. Louis, and in charge of one of its employees, was driven through the alley in which plaintiff was working, and the driver, in the discharge of his duties as garbage collector, negligently stopped his team directly behind the ladder on which plaintiff was standing at work, although the alley was at that point more than sixteen feet wide; that the driver left his team of mules with no one to watch them and during his absence, and while plaintiff was intently engaged in his work with his back to said alley, the mules suddenly started forward and struck the lower part of the ladder, throwing plaintiff violently to the ground and seriously and permanently injured him.

<span style="margin-left:2em"></span>**Petition.**

A general demurrer was filed by the defendant city, upon the sustention of which the plaintiff refused to plead further, whereupon judgment was rendered for defendant and appealed from by plaintiff.

II. The sole question presented by the sustention of the demurrer in this case is whether or not, upon the facts stated in the petition, the city was acting in its governmental and public capacity, or in its private and proprietary capacity, in which latter event it would be liable for the negligence of its agents and employees in the same way as an individual.

<span style="margin-left:2em"></span>**Governmental Capacity.**

This question must be regarded as *stare decisis* if the rulings in the recent cases are to be adhered to. It cannot be distinguished in principle from the case of Cassidy v. St. Joseph, 247 Mo. 197, affirmed in Sprague v. City of St. Louis, 251 Mo. l. c. 629. In the former case it was held that the injuries to a fellow workman by

a runaway team hitched to a wagon driven by city employees, into which they were shoveling refuse, were not recoverable, for the reason that the city of St. Joseph, in the use of such agency, was exercising a governmental and public power vested in it as a municipality of the State. This decision was rendered before the trial of this case and it was the duty of the trial judge to apply the principle therein announced. This was done when he sustained the demurrer to the petition alleging the facts hereinbefore stated as a basis for the recovery.

The judgment in this case is affirmed. It is so ordered. All concur.