[Civ. No. 5243.  First Appellate District, Division Two.—October 30, 1925.]

## JOSE BERTIZ, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

[1] MUNICIPAL CORPORATIONS—MAINTENANCE OF GARAGE FOR REPAIR OF CITY AUTOMOBILES—GOVERNMENTAL FUNCTION—QUESTION OF LAW.—The question as to whether or not the maintenance of a garage for the repair of city automobiles is a governmental act, as distinguished from an independent enterprise operated by the city and not incidental or necessary to the performance of a purely governmental function, is one of law for the court.

[2] ID. — INDEPENDENT ENTERPRISE — LIABILITY FOR NEGLIGENCE.—In maintaining a garage for the repair of automobiles owned by it a city acts in a proprietary capacity and is liable for the negligence of its agents in the course of employment in such enterprise.

[3] ID.—PLEADING—NEGLIGENT OPERATION OF AUTOMOBILE BY GARAGE EMPLOYEE—SUFFICIENCY OF COMPLAINT.—In an action against a city and one of its employees for damages for the death of plaintiff's minor child, who was killed as the result of a collision between plaintiff's automobile and an automobile owned by said city and which was being operated by said employee, who was testing out the operation of said automobile after its repair in a garage owned and maintained by the city for the repair of its automobiles, it was not necessary that the complaint set out affirmatively that the city was acting in a private capacity in doing the acts charged, but it was sufficient to allege that the city maintained said garage for repairing city automobiles and that it was in furtherance of such repair work that the automobile was being negligently operated at the time of the accident.

(1) 28 Cyc., p. 1257, n. 5, 6, p. 1258, n. 8, 14, p. 1259, n. 10, p. 1265, n. 31.  (2) 28 Cyc., p. 1263, n. 30, p. 1265, n. 32.  (3) 28 Cyc., p. 1259, n. 9, p. 1466, n. 42.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Louis W. Myers, Judge.  Affirmed.

The facts are stated in the opinion of the court.

2. Use of automobile as a corporate or governmental function, note, 10 A. L. R. 480.

Jess E. Stephens, City Attorney, Lucius P. Green, Assistant City Attorney, Chas. B. MacCoy, Deputy City Attorney, and Philip C. Sterry for Appellants.

Harold Ide Cruzan and Harold S. Kiggens for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment for one thousand dollars against them in an action for damages alleged to have been caused by the negligence of defendant Boston in operating an automobile as the agent of the defendant, City of Los Angeles. The plaintiff brought the action as the father of Marie Bertiz, a minor, who was killed as the result of a collision between the automobile owned and operated by defendants and an automobile in which she was riding.

At the trial of the case three other cases growing out of the same accident were consolidated with it and by stipulation of the parties and order of court, the transcript on appeal in this cause constitutes the transcript in the other three cases and the several appeals are to be considered upon the briefs herein.

The parties hereto stipulated that the following facts should be deemed proven: That prior to the year 1913 the City of Los Angeles maintained a mechanical division of the purchasing department, and it was the duty of said mechanical division to repair all automobiles owned by the City; that in 1918 the mechanical division of the purchasing department was transferred to the mechanical division of the board of public works, and that from that time on it was the duty of the mechanical division of the board of public works to repair all automobiles owned by the City of Los Angeles except automobiles belonging to and operated by the bureau of power and light, and the water department of said City; that the only departments of the city government of the City of Los Angeles which have automobiles belonging to the said departments repaired by said mechanical division of the board of public works are the following, to wit: Engineering department, park department, playground department, library department, fire department, police department, building department, and the city council.

Defendant W. C. Boston was, on the second day of July, 1920, employed as a mechanic at a garage owned by the City of Los Angeles, located at Pasadena Avenue and Avenue 19 in said City. Among the duties of said W. C. Boston was the testing and repairing of carburetors and cars upon the public highways of said City. The City owned a Cadillac automobile which was driven by the defendant W. C. Boston on El Monte road on July 2, 1920, and on said date Boston, in performance of his duties as a garage mechanic, was testing out the operation of the carburetor on said Cadillac automobile by driving the automobile in an easterly direction along El Monte road within the corporate limits of said City. In driving the automobile at said time and place Boston exceeded a speed of thirty miles an hour. The plaintiff was driving an automobile in a westerly direction on El Monte road. A collision occurred between the two automobiles and as a result thereof both automobiles were damaged, Marie Bertiz, minor daughter of plaintiff, was killed, and plaintiff and his two other children were injured.

It was further stipulated that at the time of the accident Boston was negligent in exceeding the speed limit applicable under the law to the time of the collision and the injuries resulting therefrom.

[1] It is apparent that this agreement as to facts presents but one legal question: Was the maintenance of the garage for the repair of city automobiles a governmental act as distinguished from an independent enterprise operated by the City and not incidental or necessary to the performance of a purely governmental function? In the former case there is no liability upon the part of the city, but the trial court took the latter view in its instructions to the jury. The question was one of law for the court as evidenced by the case of *Chafor* v. *City of Long Beach,* 174 Cal. 478 [Ann. Cas. 1918D, 106, L. R. A. 1917E, 685, 163 Pac. 670], in which the court instructed the jury that the construction, erection, and maintenance of the auditorium building or convention hall by the city of Long Beach was an act of said city in the exercise of its proprietary or private capacity and the measure of its responsibility or reliability in relation thereto was the same as that of any other individual or private corporation engaged in similar conduct and no more or no less.

A jury would not be qualified to determine this question for it might involve the interpretation of a municipal charter—a highly technical legal problem in many instances.

In the case above cited it was said: "But it is of course true that modern cities and towns enter upon many forms of activity, operate utilities for the benefit of the inhabitants, and provide many means for the easing or improving of the condition of the people that were never dreamed of at common law. Nevertheless, the uniform holding as to all such activities on principles manifestly just to the people themselves is that no matter how beneficial they may be in a general sense to the inhabitants of the municipality, unless they are governmental in their essence, the municipality's conduct in managing them is controlled by the same rules of liability that apply to an individual. Thus while school-houses, city halls, jails, firehouses are with much uniformity held to be instrumentalities for governmental purposes, no such rule applies to other buildings constructed by a municipality though for the benefit, convenience or advantage of its people."

In Dillon on Municipal Corporations (fifth edition), section 109, it was said: " . . . municipal corporations . . . possess . . . a double character: the one governmental, legislative or public; the other, in a sense, proprietary or private. The distinction between these, though sometimes, indeed very often, difficult to trace, is highly important, and is frequently referred to, particularly in the cases relating to the property and to the implied or common-law liability of municipal corporations for the negligence of their servants, agents or officers in the execution of corporate duties and powers. On this distinction, indeed, rests the doctrine of implied liability. In its governmental or public character, the corporation is made, by the State, one of its instruments. . . . But in its proprietary or private character, the theory is that the powers are supposed not to be conferred, primarily or chiefly, from considerations connected with the government of the State at large, but for the private advantage of the compact community which is incorporated as a distinct legal personality or corporate individual; and as to such powers, and to property acquired thereunder, and contracts made with reference thereto, the corporation is to be regarded *quo*

*ad hoc* as a private corporation, or at least not public in the sense that the power of the legislature over it or the rights represented by it, is omnipotent.''

In the case of *Fire Ins. Co.* v. *Village of Keeseville*, 148 N. Y. 46 [51 Am. St. Rep. 667, 30 L. R. A. 660, 42 N. E. 405], it was said: ''When we find that the power conferred has relation to public purposes, and is for the public good, it is to be classified as governmental in its nature, and it appertains to the corporation in its political character. But when it relates to the accomplishment of private corporate purposes, in which the public is only indirectly concerned, it is private in its nature, and the municipal corporation, in respect to its exercise, is regarded as a legal individual. In the former case, the corporation is exempt from all liability, whether for non-user or misuser; while in the latter case, it may be held to that degree of responsibility which would attach to an ordinary private corporation.''

[2]  We think respondent's position is correct when he says that if the maintenance of a garage for the repair of City automobiles should be considered as a governmental function, then it might be contended, successfully, that the manufacture of fire apparatus or of arms and equipment for policemen should also be so considered upon the theory that these activities are necessary adjuncts to the governmental duty to protect against fires and to maintain police protection. This would seem to extend governmental activities beyond their proper limits, and there is no public policy demanding such extension of the principle exonerating municipal corporations from liability for negligence of their agents. We concur with the trial court in its conclusion that the City of Los Angeles was acting in a proprietary capacity in maintaining the garage for the repair of its automobiles, and was, therefore, liable for the negligence of its agents in the course of employment in such enterprise.

This determination disposes of numerous objections in appellant's brief, such as the objection that the evidence does not justify the conclusion of the court and that the court erred in refusing to instruct the jury that the City was acting in a governmental capacity. [3]  The only objection remaining to be considered is that the complaint is defective in not setting out, affirmatively, that the City was acting in a private capacity in doing the acts charged. The complaint

alleged that the City owned, operated, and controlled an automobile garage at which were repaired automobiles used by officers and agents of the City in the performance of their various functions, both governmental and proprietary. It is alleged that the automobile which was being tested by defendant Boston, at the time of the accident, was used by the city council in both governmental and proprietary functions. Appellant's argument seems to be that if the car was being used for a governmental activity at the time the carburetor became in need of repair—or if it was being repaired and tested for the purpose of being used in a governmental activity, defendant is excused from liability—and that the complaint is susceptible of this construction. Under our view of the matter, it is immaterial whether the automobile was used exclusively in governmental functions, when it was in running order. During such use, the City would not be liable for its negligent operation; but when it was not in running order and was not being used in governmental activities, but was being repaired and tested by the City in its private capacity as a garage owner and automobile repairer, then liability existed for damage caused by its negligent operation.

We think it was sufficient to allege that the City maintained and operated a garage for repairing city automobiles. It follows as a matter of law that such business was not governmental. The complaint set forth that it was in furtherance of such repair work that the automobile was being negligently operated at the time of the accident. We think the demurrer was properly overruled.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 28, 1925.

Myers, C. J., and Shenk, J., deeming themselves disqualified, did not participate.