[Civ. No. 6863. Second Appellate District, Division One.—October 22, 1931.]

E. V. HAND et al., Appellants, v. CITY OF WHITTIER (a Municipal Corporation), Respondent.

Haas & Dunnigan and W. E. McClintock for Appellants.

Arthur G. Wray for Respondent.

HOUSER, J.—As far as is pertinent to a decision of the instant appeal, it may be stated that the facts on which the judgment depends are that plaintiffs are the owners of a small cemetery located within a thinly populated portion of the City of Whittier; that the people of the city by direct vote adopted an ordinance by which it was declared that the burial of the dead within the city was dangerous to life and detrimental to the public health and forbade the interment of the dead body of any person in any cemetery within the corporate limits of said city; that thereupon the plaintiffs brought an action against said city for damages caused by "said ordinance and the unreasonable arbitrary caprice and unrestrained will of the municipality and the refusal of the officers thereof to issue permits for burials". The defendant's demurrer to plaintiffs' complaint was sustained by the trial court without leave to amend; and it is from the ensuing judgment that this appeal is prosecuted.

It is undisputed by appellants that the passage of the ordinance in question was an act by the City of Whittier in the exercise of a governmental function. In such circumstances, in the absence of any statute to the contrary, the principle of law is well established that an action for damages against the city will not lie. (18 Cal. Jur. 1091; 19 R. C. L. 1083.)

In the case of *Bertiz* v. *City of Los Angeles*, 74 Cal. App. 792, 796 [241 Pac. 921, 923], the following excerpt from the case of *Fire Ins. Co.* v. *Village of Keeseville*, 148 N. Y. 46 [51 Am. St. Rep. 667, 30 L. R. A. 660, 42 N. E. 405], is quoted with approval, to wit:

"When we find that the power conferred has relation to public purposes and is for the public good, it is to be classified as governmental in its nature, and it appertains to the corporation in its political character. But when it relates to the accomplishment of private corporate purposes, in which the public is only indirectly concerned, it is private in its nature, and the municipal corporation, in respect to its exercise, is regarded as a legal individual. In the former case, the corporation is exempt from all liability, whether for nonuser or misuser; while in the latter case it may be held to that degree of responsibility which would attach to an ordinary private corporation."

See, also, *Chafor* v. *City of Long Beach,* 174 Cal. 478 [Ann. Cas. 1918D, 106, L. R. A. 1917E, 685, 163 Pac. 670]; *Miller* v. *City of Palo Alto,* 208 Cal. 74 [280 Pac. 108].

In the case of *Trammell* v. *Town of Russellville,* 34 Ark. 105 [36 Am. Rep. 1], it is held that a municipality is not civilly liable in damages which may result from the passage by its council of an illegal ordinance.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.