**Michael S. WASSERMAN, Appellant,**

v.

**KANSAS CITY, Missouri, a Municipal Corporation, Respondent.**

**No. 54490.**

Supreme Court of Missouri,
En Banc.

Sept. 13, 1971.

Rehearing Denied Oct. 11, 1971.

William J. Marsh, Kansas City, for appellant; Popham, Popham, Conway, Sweeny & Fremont, Kansas City, of counsel.

Herbert C. Hoffman, Aaron A. Wilson, City Counselors, Robert A. Dakopolos, Charles A. Lewis, Assoc. City Counselors, Kansas City, for respondent.

HENLEY, Judge.

This is an action by a city recreation department employee against his employer for $500,000 damages for personal injuries received as a result of mob violence in a city-owned park. Defendant's motion to dismiss plaintiff's second amended petition was sustained and the action dismissed for the reason that the alleged negligence of the city arose out of a governmental function for which it is immune from liability. Plaintiff appeals from that judgment. We affirm.

The pertinent paragraphs of plaintiff's petition are as follows:

"1. Defendant is a municipal corporation, duly created by law, and as such at all times herein mentioned owned and operated its parks in said city itself and by its self-created facilities for the use and recreation of its inhabitants, and incident thereto plaintiff was at all of said times in the employ of the defendant in said behalf, and for the performance in its said parks of duties incident thereto, and he was required by defendant to obey and did obey its orders and directions and relied upon its orders and superior judgment as his employer, and defendant at all of said times and in such employment was acting as his employer and in such master and servant relation, and in its corporate and proprietary capacity.

"2. That priorly and at all times mentioned herein, in the parks of defendant in said city there was antagonistic unrest and manifestations of ill feeling between various groups, causing and involving the likelihood of injuries to him and such park employees of defendant therein and thereat, and thereby rendering his working place and the performance of his duties to defendant highly dangerous and not reasonably safe as a place for him to work and be and perform his assigned duties on said occasion, as such employee of defendant.

"3. That about July 24, 1964, defendant had set up and arranged a competitive meet or sports event in its said park where he was injured, involving the participation and performance thereat of such groups, and defendant arranged for such groups to then and there and on such occasion come into close and competitive performance with each other, and defendant negligently ordered plaintiff as such employee to appear thereat on said occasion, that is on the occasion he was injured, and assist in the conduct of such meet, when it knew or by the use of ordinary care would have timely known all of the facts in this petition set forth, and that said situation and condition so set up and brought about by defendant, would likely result in violence and bodily injury to such employees and plaintiff, on said occasion, and defendant refused and failed to call off or postpone said meet when it could and should have timely done so by the use of ordinary care, and negligently failed to provide and furnish plaintiff a reasonably safe place to be and to work and perform his assigned du-

ties on said occasion, and thereby negligently exposed plaintiff to great and unusual danger of bodily harm at said time and place, as further set forth.

"4. That on or about July 24, 1964, while plaintiff as ordered by defendant was carrying out his duties in said park, and while stationed at the place therein as so directed by defendant, such groups gathered together thereat under such arrangements so set up by and at the direction of defendant as aforesaid, resorted to the use of great force, directed against plaintiff and the employees of defendant, and one of said groups forcibly attacked and violently struck plaintiff and thereby injured him as herein set forth, and all as a direct result of the negligence of defendant, set forth in this petition.

"5. He further states that his employment by and his duties to defendant at all times had to do with his such performance and duties in its parks, and it was timely feasible and practicable by the use of ordinary care for defendant to timely learn of and cognize the said dangers to him and the effects of the dangerous conditions herein set forth, as set up and brought about by defendant and it was at all times in the sole discretion of defendant at will or when necessary for the safety of its employees, to call off or postpone such meet, and it was then a standing custom of defendant on which he relied so to do, but defendant negligently failed to so do, and negligently ignored timely protests of its course and of such dangers, and negligently required and directed and ordered plaintiff to work and to be where and when he was so injured, which order he relied on and was compelled to and did obey, and defendant thereby and in the respects set forth negligently failed to furnish and provide plaintiff a reasonably safe place to be and to work and perform his duties on said occasion, as so assigned and directed by defendant as his employer, and as in this petition set forth."

The question presented is whether, under the facts pleaded in his petition, plaintiff's injury was the direct result of negligent acts or omissions of the city in its corporate or proprietary capacity, for which it may be liable, or in its governmental capacity, for which it is not liable. Dallas v. City of St. Louis, Mo.Sup., 338 S.W.2d 39; Burke v. City of St. Louis, Mo.Sup., 349 S.W.2d 930; Healy v. Kansas City, 277 Mo. 619, 211 S.W. 59.

In Healy v. Kansas City, supra, this court said: "It is the duty of a city to use care to maintain its public parks, like its streets, in reasonably safe condition, and that duty it performs in a proprietary or private character. A failure to perform it by allowing unprotected pools and chasms to remain there would render a city liable for ensuing damages, the same as an individual would be liable for damages caused by the unsafe condition of his premises where people are invited to come. But the maintenance of good order in the park, the prevention of dangerous conditions there caused by gathering crowds or by the lawless or imprudent conduct of individuals, is a governmental function." 211 S.W. at 61. See also 63 C.J.S. Municipal Corporations § 907 b, p. 317; 39 Am.Jur., Parks, Squares and Playgrounds, p. 837, § 40; 38 Am.Jur., Municipal Corporations, p. 361, § 652.

Plaintiff contends that the negligence alleged is restricted or confined to acts of the city committed within its proprietary capacity; that he does not allege acts of negligence committed within the city's governmental capacity. The substance of the allegations of the petition is that on and prior to the date of plaintiff's injury "* * * there was antagonistic unrest and manifestations of ill feeling between various groups * * *" of people in the city parks which made the parks highly dangerous places in which to work, and that defendant knew of these conditions; that defendant arranged a competitive sports event or meeting between these

groups in one of its parks knowing that such event "* * * would likely result in violence * * *" and expose its employees to "* * * great and unusual danger * * *" from said groups; that defendant thereby "* * * negligently failed to provide and furnish plaintiff a reasonably safe place to be and to work * * *;" that, knowing these facts, defendant negligently ordered plaintiff "* * * to assist in the conduct of * * *" this sports event and "* * * while * * * carrying out his duties * * * as * * * directed by defendant * * *" violence did erupt between these groups, as a result of which plaintiff was injured.

We disagree with plaintiff's analysis of his petition. Our analysis is that while the negligence alleged is failure to provide a reasonably safe place to work, it is implicit in this allegation that such dangerous condition was the result of defendant's failure to maintain good order in the park, a police function, a governmental function for which it may not be held liable. What this court said in Healy v. Kansas City, supra, a half century ago, is as sound today as it was then; that decision controls and dictates our decision in this case. Accordingly, the trial court did not err in dismissing plaintiff's action.

The judgment is affirmed.

DONNELLY and HOLMAN, JJ., concur.

FINCH, C. J., concurs in separate concurring opinion filed.

SEILER, J., dissents in separate dissenting opinion filed.

MORGAN and BARDGETT, JJ., dissent and concur in separate dissenting opinion of SEILER, J.

FINCH, Chief Justice (concurring).

There was no attack in this case on the doctrine of governmental immunity. Hence, it is to be decided under traditional rules relating to governmental immunity, and on that basis I concur in the principal opinion.

SEILER, Judge (dissenting).

I respectfully dissent, because, in my opinion, the negligence alleged does not relate to the control of the mob or prevention of its violence, but relates to acts of the city in the exercise of proprietary functions with knowledge of the danger of the mob and likelihood of injury to the plaintiff. The negligent acts alleged in the petition are those of the city in arranging the dangerous sports event and requiring plaintiff to be there. These acts do not involve mob control or the prevention of violence. The mob action was rather only part of the causal chain of events alleged to have been initiated by the negligent acts.

The petition states facts from which may be found the defendant's duty to plaintiff as his employer to provide a safe place for him to work and not negligently to order him into danger, the defendant's knowledge of the danger to the plaintiff, and the defendant's breach of that duty in the exercise of its proprietary functions. Causation is then quickly found and plaintiff is entitled to relief if he can meet his burden of proving the allegations of the petition at the trial. Governmental immunity is not involved. The Healy case, 277 Mo. 619, 211 S.W. 59, is distinguishable because there it was not claimed that the sham battle was itself dangerous or that the firing of the cannon was dangerous, whereas here the dangerous nature of the scheduled meet and sports event, the likelihood of injury to plaintiff and defendant's knowledge of the danger were all pleaded.